UNITED STATES of America,
Appellant,

v.

Rogelio FIGUEROA–TAVERAS, a/k/a
Roger Figueroa, a/k/a Waldo Ham-
ilton, Defendant–Appellee,

No. 02–1702.

United States Court of Appeals,
Second Circuit.

July 11, 2003.

Virginia Chavez, Assistant United States
Attorney (James B. Comey, United States
Attorney for the Southern District of New
York, Meir Feder, Assistant United States
Attorney, on the brief), New York, N.Y.,
for Appellant.

Colleen P. Cassidy, The Legal Aid Soci-
ety, Federal Defender Division, New York,
N.Y., for Appellees.

Present: WALKER, Chief Judge,
CALABRESI, Circuit Judge, and
KORMAN, District Judge.*

## SUMMARY ORDER

The United States appeals from an or-
der entered by the district court dismiss-
ing an indictment charging Figueroa–Tav-
eras with illegal re-entry into the United

---

* The Honorable Edward R. Korman, Chief
Judge of the United States District Court for
the Eastern District of New York, sitting by
designation.

States pursuant to 8 U.S.C. § 1326. For the reasons stated below, we vacate and remand for further proceedings.

To warrant dismissal of an indictment for illegal re-entry, an alien must demonstrate that he (1) exhausted any administrative remedies available to challenge the underlying deportation order, (2) was not afforded judicial review of the order, and (3) the entry of the order was "fundamentally unfair." 8 U.S.C. § 1326(d). To satisfy the third prong of § 1326(d), a defendant accused of illegal re-entry must show that there was a "fundamental procedural error [in the entry of the order] and prejudice resulting from that error." *United States v. Fernandez–Antonia*, 278 F.3d 150, 159 (2d Cir.2002); *see also United States v. Fares*, 978 F.2d 52, 57 (2d Cir. 1992). To demonstrate prejudice, a defendant must show a "reasonable likelihood" or a "plausible" showing that, absent the procedural error, he would have been granted a § 212(c) waiver. *See United States v. Loaisiga*, 104 F.3d 484, 487 (1st Cir.1997) (requiring that there be a "reasonable likelihood" that the alien would not have been deported); *United States v. Jimenez–Marmolejo*, 104 F.3d 1083, 1086 (9th Cir.1996) (requiring a "plausible" showing that the alien would not have been deported).

Figueroa–Taveras claims that he was prejudiced by the entry of the deportation order because, at that time of his deportation hearing in 1997, he was eligible for consideration for a § 212(c) waiver and had a reasonable likelihood of success in receiving a waiver from Immigration and Naturalization Services. Assuming arguendo that Figueroa–Taveras was, in fact, eligible for a § 212(c) waiver, he fails demonstrate prejudice because it was not likely, or even plausible, that he would have received one.

Between 1983 and 1996, Figueroa–Taveras was convicted of four felony offenses (three of which involved the sale or possession of narcotics) and one misdemeanor: (1) two 1983 convictions for criminal sale of a controlled substance in the fifth degree, for which he was sentenced to six months' incarceration; (2) a 1987 conviction for criminal sale of a controlled substance in the fifth degree, for which he was sentenced to 2 to 4 years incarceration; (3) a 1990 conviction for attempted burglary in the second degree, for which he was sentenced to 2 to 4 years incarceration; (4) a 1995 conviction for misdemeanor shoplifting; (5) a 1996 conviction for attempted criminal possession of a controlled substance in the third degree, for which he was sentenced to 3.5 to 7 years imprisonment.

The district court found that the negative factors weighing against § 212(c) relief—his lengthy criminal record, and specifically a history of narcotics convictions—were outweighed by the positive factors: Figueroa–Taveras's extensive family ties within this country, his fairly steady employment history, his residence in the United States since the age of four, and his complete lack of ties in the Dominican Republic. Based on this analysis, the district court concluded that "on the balance, the positive factors … outweigh[ ] Defendant's lengthy criminal record such that there is a reasonable likelihood or a substantial probability that an immigration judge in 1997 … would have granted § 212(c) relief." [JA 169] Although we agree with the district court that this is a close case, we disagree with the district court's final assessment on this point.

First, Figueroa–Taveras's numerous drug convictions and lengthy criminal history would have required him "to show that he has unusual or outstanding equities in this country" in order to qualify for § 212(c) relief. *See Matter of Burbano*, 20 I. & N. Dec. 872, 878, 1994 WL 520994 (BIA 1994). In addition, the Board of

Immigration Appeals has also observed that "applicants for section 212(c) relief who have criminal records will ordinarily be required to make a showing of rehabilitation." *Matter of Marin*, 16 I. & N. Dec. 581, 584, 1978 WL 36472 (BIA 1978).

Given these considerations, we find it extremely unlikely that Figueroa–Taveras would have been able to demonstrate "unusual or outstanding equities" weighing against deportation. Figueroa–Taveras presents no evidence that he had undergone any rehabilitation at the time that he was ordered deportable—a factor which in and of itself could defeat his quest for § 212(c) relief. *See Marin*, 16 I. & N. Dec. at 588. Additionally, although Figueroa–Taveras was purportedly involved in his citizen children's upbringing, the fact that he was incarcerated for lengthy periods between 1979 and 1997 means that his family could not have been entirely (or even largely) dependent on him for support, as he intimates. The strongest factor weighing in favor of Figueroa–Taveras' application would have been his very long residence in the United States. However, although clearly significant, this factor would not have been sufficient to outweigh his lengthy criminal record and lack of rehabilitation.

Because there was little likelihood that Figueroa–Taveras would have been granted § 212(c) relief, he has failed to demonstrate that the underlying deportation order was "fundamentally unfair" under § 1326(d)(3). Accordingly, we conclude that the district court erred by dismissing the indictment for illegal re-entry.

For the reasons set forth above, the judgment of the district court is hereby VACATED and the case REMANDED for further proceedings.