**Dane Ian BONNEY, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 00 CIV. 8270(JGK).**

United States District Court, S.D. New York.

Aug. 27, 2003.

---

---

### OPINION AND ORDER

KOELTL, District Judge.

The petitioner, Dane Ian Bonney, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Bonney challenges his order of deportation on the ground that the petitioner should have been permitted to seek a discretionary waiver of deportation pursuant to former Section 212(c) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1182(c) (repealed by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), § 304(b), Pub.L. No. 104–28, 1996 U.S.C.C.A.N. (110 Stat.)

3009, 3009–597). The petitioner claims that he was wrongly denied this relief because Section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 1277, was applied to him retroactively.

## I.

The petitioner, a native of Trinidad, entered the United States on May 3, 1972 as a lawful permanent resident. (Certified Administrative Record ("R.") at 60, 73, 116, 127.) Bonney pleaded guilty on April 3, 1985 to robbery with a deadly weapon (handgun) in the Circuit Court of the State of Maryland, Prince George's County, and was sentenced on April 26, 1985 to a term of six years' imprisonment, with all but eighteen months suspended, and five years' probation. (R. at 61, 96–100.) Nine years later, on April 19, 1994, Bonney was found guilty by a jury in the New York State Supreme Court of criminal sale of a controlled substance (cocaine) in the third degree and was subsequently sentenced to seven and one half to fifteen years' imprisonment. (R. at 61, 110–115.) The conviction and sentence were affirmed by the Appellate Division on December 29, 1995. (R. at 109.)

The Immigration and Naturalization Service ("INS") served Bonney with an order to show cause and notice of hearing dated June 14, 1996 charging that Bonney was deportable pursuant to Section 241(a)(2)(C) of the INA as an alien who had been convicted of a weapons offense; (2) Section 241(a)(2)(B)(i) of the INA as an alien convicted of violating a controlled substance law; and (3) Section 241(a)(2)(A)(iii) of the INA as an alien who had been convicted of an aggravated felony. (R. at 127–33.) Immigration proceedings began before an immigration judge ("IJ") on June 6, 1997 but were adjourned so that Bonney, who was representing himself pro se, could obtain counsel. (R. at 31–47.) The proceedings continued on September 9, 1997 but were also adjourned in order for the petitioner to seek counsel. (R. at 48–56.) Bonney appeared again pro se at a hearing on October 17, 1997, (R. at 58–89), at which time he admitted to having been convicted of the criminal offenses alleged in the order to show cause. (R. at 61.)

At the hearing, Bonney argued that his New York State conviction was not final because he had filed a writ of habeas corpus challenging the petition in the Eastern District of New York. (R. at 61, 70–71, 106–07.) The INS submitted evidence that Bonney's conviction had been upheld on direct appeal. (R. at 73, 109.) Bonney also argued that he was a United States citizen because his mother became a United States citizen prior to his eighteenth birthday. (R. at 59.) The IJ found, however, that both of the petitioner's parents became naturalized citizens after the petitioner turned eighteen and thus he remained a citizen of Trinidad. (R. at 60.)

On October 17, 1997, the IJ issued an oral decision finding Bonney deportable on the grounds set forth in the order to show cause except for the charge under Section 241(a)(2)(C). (R. at 24–30.) The IJ concluded that the Board of Immigration Appeals ("BIA") had not decided conclusively whether a conviction for robbery with a weapon is a conviction for violating a law relating to a firearm that would render the petitioner deportable under that provision. (R. at 25–26.) The IJ pretermitted Bonney's application for discretionary relief from deportation pursuant to Section 212(c) of the INA on the ground that AEDPA Section 440(d) and the Attorney General's interim decision in *Matter of Soriano,* Int. Dec. No. 3289, 1996 WL 426888

(Att'y Gen. Feb. 21, 1997), rendered Bonney ineligible for such relief as an alien convicted an aggravated felony. (R. at 27.) Under *Matter of Soriano,* the Attorney General found that Section 440(d) of AEDPA applied to limit the availability of Section 212(c) relief for any aliens who were not already in deportation proceedings on the effective date of AEDPA, April 24, 1996.

Bonney appealed the IJ's decision to the BIA on October 30, 1997. (R. at 7–18.) The BIA dismissed Bonney's appeal on April 30, 1998. (R. at 2–3.) In so doing, the BIA upheld the IJ's finding that, among other things, Bonney was ineligible for Section 212(c) relief pursuant to AEDPA and *Matter of Soriano.* (R. at 2.) Bonney filed a petition for a writ of habeas corpus with the Pro Se Office of this Court on August 29, 2000.

## II.

█ Bonney challenges his order of deportation on the ground that he should have been permitted to seek a discretionary waiver of deportation pursuant to former Section 212(c) of the INA. The BIA has dismissed the petitioner's appeal from the order of deportation, and thus Bonney has exhausted his administrative remedies and the habeas petition is properly before this Court. In addition, this Court retains jurisdiction under 28 U.S.C. § 2241 to review the legal claims against a final order of deportation raised by an alien subject to deportation by reason of having committed a criminal offense. *See INS v. St. Cyr,* 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (hereinafter *St. Cyr II* ).

█ Former Section 212(c) provided:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domi-cile of seven consecutive years, may be admitted in the discretion of the Attorney General.... [T]his subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

8 U.S.C. § 1182(c) (1994). Although Section 212(c) by its terms applies to residents returning from temporary departures abroad, it has long been interpreted to apply to lawful permanent residents who have not left the United States but who face deportation. *See St. Cyr II,* 533 U.S. at 295, 121 S.Ct. 2271; *Bedoya–Valencia v. INS,* 6 F.3d 891, 895–98 (2d Cir.1993); *Francis v. INS,* 532 F.2d 268, 273 (2d Cir.1976); *Copes v. McElroy,* No. 98 Civ. 2589, 2001 WL 830673, at *3 (S.D.N.Y. July 23, 2001). The decision whether to grant relief from deportation is left to the discretion of the Attorney General or his delegates. *See* 8 U.S.C. § 1182(c); *Rankine v. Reno,* 319 F.3d 93, 95 (2d Cir.2003), *reh'g denied,* Nos. 01–2135, 01–2483, 00–2631, (2d Cir. Apr. 21, 2003); *St. Cyr v. INS,* 229 F.3d 406, 410–11 (2d Cir.2000) (hereinafter *St. Cyr I* ), *aff'd,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

█ On April 24, 1996 Congress enacted AEDPA, and Section 440(d) of the statute precluded aliens who were convicted of committing controlled substance or aggravated felonies regardless of the length of imprisonment from obtaining Section 212(c) relief. *See* AEDPA § 440(d), 110 Stat. at 1277; *St. Cyr I,* 229 F.3d at 411. One of Congress's goals in enacting the statute was to increase the number of deportable criminal aliens. *See Domond v. INS,* 244 F.3d 81, 84 (2d Cir.2001); *St. Cyr I,* 229 F.3d at 411. Former Section 212(c) was subsequently repealed by IIRIRA Section 304(b) in 1996 and was replaced by a form of relief entitled "cancellation of

removal," codified at 8 U.S.C. § 1229b. IIRIRA, 1996 U.S.C.C.A.N. (110 Stat) at 3009–597; *Domond,* 244 F.3d at 84.

The petitioner argues that under the Supreme Court's holding in *St. Cyr II,* the IJ and the BIA impermissibly denied him Section 212(c) relief from deportation by applying Section 440(d) of AEDPA retroactively. In *St. Cyr II,* the Supreme Court held that Section 212(c) relief "remains available for aliens … whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326, 121 S.Ct. 2271. The Supreme Court found that "[t]here can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions." *Id.* at 322, 121 S.Ct. 2271. Thus, the Court held, because the respondent in *St. Cyr II* and other aliens like him "almost certainly relied upon [the significant likelihood of receiving Section 212(c) relief prior to the enactment of AEDPA and IIRIRA] in deciding whether to forgo their right to a trial, the elimination of any possibility of § 212(c) relief … has an obvious severe retroactive effect." *Id.* at 325, 121 S.Ct. 2271.

 In this case, Bonney was ordered deported pursuant to two separate convictions. The first was the Maryland conviction to which he pleaded guilty in 1984, long before AEDPA. Under *St. Cyr II,* Bonney could not be deported based on this conviction because the conviction was the result of a guilty plea entered prior to the enactment of AEDPA. Bonney's April 19, 1994 conviction, however, differed markedly from the first in that it resulted from a jury verdict against the petitioner rather than a guilty plea. Under the holding of the Second Circuit Court of Appeals in *Rankine,* which declined to extend *St. Cyr II* to cover those aliens convicted after trial rather than on a guilty plea, Bonney is ineligible for Section 212(c) relief.[1] *See Rankine,* 319 F.3d at 102. In *Ran-*

---

1. The Second Circuit Court of Appeals' decision in *Rankine* specifically addressed IIRIRA's repeal of Section 212(c) relief rather than AEDPA Section 440(d)'s elimination of such relief for aliens convicted of certain types of offenses. *Rankine* stands for the proposition, however, that removing Section 212(c) relief does not have an impermissible retroactive effect on aliens who were convicted by a jury prior to Section 212(c) relief becoming unavailable to them. *Rankine,* 319 F.3d at 102. *Rankine* thus controls this Court's decision. Moreover, although the petitioner's brief focused solely on the effect of Section 440(d) on his eligibility for a discretionary waiver of deportation, the petitioner acknowledges that Section 304(b) of IIRIRA, which eliminated Section 212(c) relief, is also implicated in his petition. Furthermore, other Circuits have upheld the application of Section 440(d) to aliens convicted by a jury prior to AEDPA's enactment. *See, e.g., Dias v. INS,* 311 F.3d 456, 458 (1st Cir.2002) (per curiam), *cert. denied,* — U.S. ——, 123 S.Ct. 2574, 156 L.Ed.2d 603 (2003) ("[A]pplication of the new [AEDPA] limitations on discretionary relief does not have an impermissible retroactive effect on those aliens who would have been eligible for discretionary relief when they were convicted of a felony after trial."); *Armendariz–Montoya v. Sonchik,* 291 F.3d 1116, 1121 (9th Cir.2002) ("Unlike aliens who pleaded guilty, aliens who elected a jury trial cannot plausibly claim that they would have acted any differently had they known about § 440(d)."), *cert. denied,* — U.S. ——, 123 S.Ct. 2247, 156 L.Ed.2d 110 (2003); *LaGuerre v. Reno,* 164 F.3d 1035, 1041 (7th Cir.) ("It would border on the absurd to argue that these aliens might have decided not to commit drug crimes, or might have resisted conviction more vigorously, had they known that if they were not only imprisoned but also, when their prison term ended, ordered deported, they could not ask for a discretionary waiver of deportation."), *cert. denied,* 528 U.S. 1153, 120 S.Ct. 1157, 145 L.Ed.2d 1069 (2000).

*kine*, the Court of Appeals addressed the question of whether Congress's repeal of Section 212(c)'s discretionary waiver of deportation through IIRIRA had an impermissible retroactive effect when applied to aliens who had been convicted at trial prior to the repeal. *See Rankine*, 319 F.3d at 94, 98.

As this Court explained at length in the opinion in *Reyes v. INS*, No. 98 Civ. 6840, 2003 WL 21649439, at *3–5 (S.D.N.Y. July 14, 2003), it is clear that under *Rankine*, there is no impermissible retroactive effect in applying AEDPA Section 440(d) to the petitioner and thus eliminating the possibility of Section 212(c) relief. The Court of Appeals has denied rehearing in *Rankine*, and it is the law of this Circuit and binding on this Court. Bonney went to trial in an effort to prove his innocence and eliminate the possibility of deportation altogether by winning a verdict of not guilty. There was no reliance on the availability of Section 212(c) relief and no heightened expectation from the decision to go to trial, and there is no impermissible retroactive effect in barring Section 212(c) relief now. *See Rankine*, 319 F.3d at 102. The peti-

tion for a writ of habeas corpus on this ground is therefore denied.[2]

The petitioner argues in correspondence subsequent to the briefing that he in fact entered into a plea agreement with the prosecution but that the prosecutor would not accept the agreement when the petitioner's co-defendant refused to plead guilty. (*See* Letter from Barry D. Leiwant to the Court dated Feb. 11, 2003.) The petitioner thus urges the Court to treat his case as falling under *St. Cyr II* because, Bonney claims, he entered into the type of *quid pro quo* agreement that would have allowed him to accept responsibility for his crime while remaining eligible for Section 212(c) relief. But the fact that the petitioner could not negotiate a satisfactory plea agreement with the prosecution does not negate the fact that the petitioner failed to plead guilty and instead chose to go to trial. Certainly he could have entered a plea of guilty to the crime with which he was charged even if he was unable to win the concessions he desired from State prosecutors. Having failed to do so, in view of *Rankine*, he cannot claim that he relied on the effects of a guilty plea that he never entered, and he cannot invoke *St. Cyr II* as a source of relief.[3]

---

2. The petitioner urges the Court to hold this case in abeyance pending the outcome of the petitions to the Second Circuit Court of Appeals for rehearing and rehearing en banc in *Carr v. Reno*, No. 01–2270, 2002 WL 24144 (2d Cir. Jan. 4, 2002). In affirming the district court's denial of a petition for habeas corpus, the Court of Appeals' summary order in *Carr* relied on that court's opinion in *Domond*, which found no impermissible retroactive effect in applying Section 440(d) to an alien whose criminal conduct pre-dated AEDPA but who pleaded guilty after the statute's effective date. The facts of *Carr* and *Domond* thus differ significantly from those in this case. In view of the fact that *Rankine* is on point and is the law in this Circuit, and because the Court of Appeals has recently denied rehearing in that case, there is no reason to hold this case in abeyance pending the outcome of the petitions in *Carr*.

3. It is unnecessary to reach the Government's alternative argument that the petition should be denied on the ground that Bonney had served over five years in prison for aggravated felony convictions and thus could not qualify for Section 212(c) relief even as it existed prior to the enactment of Section 440(d) of AEDPA. See 8 U.S.C. § 1182(c); *Buitrago–Cuesta v. INS*, 7 F.3d 291, 296 (2d Cir.1993) (petitioner ineligible for Section 212(c) relief who had served over five years in prison at the time IJ ordered petitioner deported); *Davis v. Ashcroft*, No. 01 Civ. 6228, 2003 WL 289624, at *5–6 (S.D.N.Y. Feb. 10, 2003) (petitioner ineligible for Section 212(c) relief who accrued five years in prison during the course of INS proceedings); *Copes*, 2001 WL 830673, at *5–6 (alien who had spent more than five years in prison by the time alien was served with order to show cause was ineligible for 212(c) relief). The Government's ar-

*CONCLUSION*

For the reasons explained above, the petition for a writ of habeas corpus is denied. The Clerk of the Court is directed to enter judgment and to close this case.

gument in this case would require adding together the time the prisoner spent in prison on his two state court convictions to reach the total of five years imprisonment. Whether such terms can be added together was an issue raised on appeal, but not specifically addressed by the Court of Appeals, in *United States v. Figueroa–Taveras*, No. 02–1702, 69 Fed.Appx. 502, 2003 WL 21655239 (2d Cir. July 11, 2003) (table), *vacating* 228 F.Supp.2d 428, 433 (S.D.N.Y.2002).