Jorge PAULINO–JIMINEZ, a/k/a Felix Rodriguez, a/k/a George Paulino, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE of the United States, Respondent.

No. 99 CIV. 943(JGK).

United States District Court, S.D. New York.

Aug. 27, 2003.

### *OPINION AND ORDER*

KOELTL, District Judge.

The petitioner, Jorge Paulino–Jiminez, a/k/a Felix Rodriguez, a/k/a George Paulino ("Paulino–Jiminez"), has filed a petition for a writ of habeas corpus challenging his order of deportation on the ground that the petitioner should have been allowed to seek a discretionary waiver of deportation pursuant to former Section 212(c) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1182(c) (repealed by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), § 304(b), Pub.L. No. 104–28, 1996 U.S.C.C.A.N. (110 Stat.) 3009, 3009–597). The petitioner claims that he was wrongly denied this relief because Section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 1277, was applied to him retroactively.

### I.

The petitioner, a native and citizen of the Dominican Republic, entered the United States as a lawful permanent resident ("LPR") on or about October 2, 1983. (Certified Administrative Record ("R.") at 37, 58, 64.) Paulino–Jiminez was convicted on November 15, 1990 in the New York State Supreme Court, Queens County, of two counts of attempted murder in the second degree and five counts of robbery in the first degree having pleaded guilty to those charges on October 3, 1990. (R. at 49–50, 64.) The petitioner was sentenced

to three to nine years' imprisonment. (R. at 50.) On January 10, 1997 the Immigration and Naturalization Service ("INS") served the petitioner with an order to show cause and notice of hearing at the Orleans Correctional Facility in Albion, New York. (R. at 70.) The order to show cause charged that Paulino–Jiminez was deportable from the United States pursuant to Section 241(a)(2)(A)(iii) of the INA as an alien who had been convicted of an aggravated felony as defined by Section 101(a)(43) of the Act as a result of his 1990 conviction for attempted murder in the second degree. (R. at 64, 66.)

Deportation proceedings were held before an immigration judge ("IJ") in Fishkill, New York on April 8, 1997 and June 30, 1997 but were adjourned. (R. at 24–33.) On September 8, 1997 the proceedings resumed and the petitioner, who was representing himself pro se, conceded that he had been convicted of the crime for which he was charged deportable, namely, attempted murder in the second degree. (R. at 37.) The IJ issued an oral decision on September 8, 1997 ordering the petitioner deported and finding Paulino–Jiminez ineligible for relief from deportation pursuant to Section 440(d) of AEDPA. (R. at 21–23.) The IJ also found that Paulino–Jiminez could not adjust his status under Section 212(h) of the INA after having been convicted of an aggravated felony. (R. at 22–23.) The IJ explained that he could not grant the petitioner discretionary relief under the Attorney General's decision in *Matter of Soriano,* Int. Dec. No. 3289, 1996 WL 426888 (Att'y Gen. Feb. 21, 1997). (R. at 44–46.) *Matter of Soriano* held that Section 440(d) of AEDPA applied to limit the availability of Section 212(c) relief for any aliens who were not already in deportation proceedings on the effective date of AEDPA, April 24, 1996.

The petitioner appealed to the Board of Immigration Appeals ("BIA"), arguing among other things that AEDPA should not have been applied retroactively to bar relief in his case. (R. at 12–19.) The BIA dismissed the petitioner's appeal on June 26, 1998 in part because *Matter of Soriano* rendered Paulino–Jiminez ineligible for Section 212(c) relief. (R. at 2.) This petition for a writ of habeas corpus was filed with the Pro Se Office of this Court on January 28, 1999. The Court held the petition in abeyance pending the decision by the Second Circuit Court of Appeals in *United States v. Figueroa–Taveras,* 69 Fed.Appx. 502, 2003 WL 21655239 (2d Cir. 2003) (table).

## II.

■ The petitioner challenges his order of deportation on the ground that he should have been permitted to seek a discretionary waiver of deportation pursuant to former Section 212(c) of the INA. The BIA has dismissed the petitioner's appeal from the order of deportation, and thus Paulino–Jiminez has exhausted his administrative remedies and the habeas petition is properly before this Court. In addition, this Court retains jurisdiction under 28 U.S.C. § 2241 to review the legal claims against a final order of deportation raised by an alien subject to deportation by reason of having committed a criminal offense. *See INS v. St. Cyr,* 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (hereinafter *St. Cyr II* ).

Former Section 212(c) provided:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General. . . . [T]his subsection shall

not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

8 U.S.C. § 1182(c) (1994). Although Section 212(c) by its terms applies to residents returning from temporary departures abroad, it has long been interpreted to apply to lawful permanent residents who have not left the United States but who face deportation. *See St. Cyr II,* 533 U.S. at 295, 121 S.Ct. 2271; *Bedoya–Valencia v. INS,* 6 F.3d 891, 895–98 (2d Cir.1993); *Francis v. INS,* 532 F.2d 268, 273 (2d Cir.1976); *Copes v. McElroy,* No. 98 Civ. 2589, 2001 WL 830673, at *3 (S.D.N.Y. July 23, 2001). To qualify for relief under Section 212(c), an alien had to show that the alien was a lawful permanent resident of the United States who had a lawful unrelinquished domicile of seven consecutive years and that the alien had not been convicted of one or more aggravated felonies for which the alien had served a term of imprisonment of at least five years. *See* 8 U.S.C. § 1182(c); *Rankine v. Reno,* 319 F.3d 93, 95 (2d Cir.2003), *reh'g denied,* Nos. 01–2135, 01–2483, 00–2631, (2d Cir. Apr. 21, 2003); *St. Cyr v. INS,* 229 F.3d 406, 410 (2d Cir.2000) (hereinafter *St. Cyr I* ), *aff'd,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). If an alien made such a showing, the decision whether to grant relief from deportation was left to the discretion of the Attorney General or his delegates. *See* 8 U.S.C. § 1182(c); *Rankine,* 319 F.3d at 95; *St. Cyr I,* 229 F.3d at 410.

■ On April 24, 1996 Congress enacted AEDPA and Section 440(d) of the statute precluded aliens who were convicted of committing drug-related crimes or aggravated felonies regardless of the time served in prison from obtaining Section 212(c) relief. *See* AEDPA § 440(d), 110 Stat. at 1277; *St. Cyr I,* 229 F.3d at 411. One of Congress's goals in enacting the statute was to increase the number of deportable criminal aliens. *See Domond v. INS,* 244 F.3d 81, 84 (2d Cir.2001); *St. Cyr I,* 229 F.3d at 411. Former Section 212(c) was subsequently repealed by IIRIRA Section 304(b) in 1996 and was replaced by a form of relief entitled "cancellation of removal," codified at 8 U.S.C. § 1229b. IIRIRA, 1996 U.S.C.C.A.N. (110 Stat) at 3009–597; *Domond,* 244 F.3d at 84.

■ The petitioner was convicted pursuant to a guilty plea prior to the enactment of AEDPA on April 24, 1996. Under *St. Cyr II,* the petitioner is correct and the IJ should not have applied Section 440(d) to his case and pretermitted Paulino–Jiminez's application for Section 212(c) relief. In *St. Cyr II,* the Supreme Court held that Section 212(c) relief "remains available for aliens ... whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *St. Cyr II,* 533 U.S. at 326, 121 S.Ct. 2271. The Court found that "[t]here can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions." *Id.* at 322, 121 S.Ct. 2271. Thus, the Supreme Court found, because the respondent in that case and other aliens like him "almost certainly relied upon [the significant likelihood of receiving Section 212(c) relief prior to the enactment of AEDPA and IIRIRA] in deciding whether to forgo their right to a trial, the elimination of any possibility of § 212(c) relief ... has an obvious severe retroactive effect." *Id.* at 325, 121 S.Ct. 2271. Therefore, Section 440(d) cannot be applied retroactively to bar relief to aliens such as the petitioner

who pleaded guilty to an aggravated felony prior to AEDPA's effective date. The Attorney General's prior decision to apply AEDPA's limitation on Section 212(c) relief to those, like the petitioner, who were not in deportation proceedings on AEDPA's effective date but who pleaded guilty prior to that date is incorrect under *St. Cyr II.*

The Government argues that the Court should deny the petition despite the IJ's and BIA's erroneous reliance on *Matter of Soriano* because the petitioner is ineligible for Section 212(c) relief by virtue of having spent more than five years in prison. *See* 8 U.S.C. 1182(c) (Section 212(c) relief not available "to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years"); *Buitrago–Cuesta v. INS,* 7 F.3d 291, 296 (2d Cir.1993) (petitioner ineligible for Section 212(c) relief who had served over five years in prison at the time IJ ordered petitioner deported); *Davis v. Ashcroft,* No. 01 Civ. 6228, 2003 WL 289624, at *5–6 (S.D.N.Y. Feb. 10, 2003) (petitioner ineligible for Section 212(c) relief who accrued five years in prison during the course of INS proceedings); *Copes,* 2001 WL 830673, at *5–6 (alien who had spent more than five years in prison by the time alien was served with order to show cause was ineligible for 212(c) relief).

The petitioner does not allege that he was incarcerated for less than five years, but instead claims that there is no clear finding in the administrative record of the length of his incarceration and thus the Court should remand the case to the BIA for further fact-finding. The petitioner also contends that he has not served five years in prison for purposes of 8 U.S.C. § 1182(c) because he had not served a single five-year term of imprisonment.[1]

The Government contends that by the time the IJ denied the petitioner relief on September 8, 1997, the petitioner had been incarcerated for over five years. The relevant incarceration allegedly comprises two parts: four years, eight months, and four days on the 1990 convictions and one year, one month, and two days for several 1996 convictions that are not mentioned in the administrative record, including for the aggravated felony of attempted robbery in the first degree. (*See* Gov. Mem. Opp. at 10 & n. 3.) Therefore, the Government argues, even under the law as it existed prior to AEDPA and IIRIRA, Paulino–Jiminez would be ineligible for Section 212(c) relief.

The petitioner does not dispute the alleged length of his imprisonment but claims that the Government cannot aggregate wholly separate terms of incarceration under Section 1182(c) in order to ren-

---

1. The sole argument in the petitioner's brief in support of his petition for a writ of habeas corpus is that the Court should remand the case to the BIA for a factual finding regarding the length of the petitioner's incarceration as it affects his application for Section 212(c) relief. In the initial petition that Paulino–Jiminez filed pro se, the petitioner raised additional arguments that were not subject to further briefing by his attorney and which are without merit. The petitioner argued that his 1990 conviction was not a conviction for immigration purposes because he was fourteen years old at the time of the conviction and was thus afforded youthful offender status.

The Government argues correctly that this contention is without merit. *Cf. In Re Miguel DEVISON–Charles,* Interim Decision (BIA) 3435, 2000 WL 1470461 (BIA Sept. 12, 2000) (describing New York's youthful offender adjudication process). The Petitioner also argues that he was eligible for an adjustment of status under Section 212(h) of the INA and should have been allowed to apply for such an adjustment. However, Paulino–Jiminez is ineligible for Section 212(h) relief as a result of his felony conviction for attempted murder. *See Jankowski–Burczyk v. INS,* 291 F.3d 172, 175 & n. 2 (2d Cir.2002).

der the petitioner ineligible for Section 212(c) relief. Paulino–Jiminez argues that such aggregation was not anticipated by the statute, which denies relief "to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." 8 U.S.C. § 1182(c).

The Court agreed to hold this case in abeyance pending the Court of Appeals' decision in *Figueroa–Taveras* in which the Court of Appeals faced the question of whether aggregated terms of imprisonment barred 212(c) relief when they combined to exceed five years. (*See* Brief for Appellee Rogelio Figueroa–Taveras at 13–19 arguing that the district court had properly concluded that only a single term of imprisonment of five or more years can preclude Section 212(c) relief.) Figueroa–Taveras had not served a single term of imprisonment lasting five or more years but, instead, had served various terms of imprisonment that totaled in excess of five years. *See United States v. Figueroa–Taveras*, 228 F.Supp.2d 428, 433 (S.D.N.Y. 2002), *vacated on other grounds*, 69 Fed. Appx. 502, 2003 WL 21655239 (2d Cir. 2003) (table). The Court of Appeals has now issued a summary order in *Figueroa–Taveras* that does not address this question but instead vacates the district court's dismissal of an indictment charging the defendant-appellee with illegal re-entry into the United States. *See Figueroa–Taveras*, 69 Fed.Appx. 502, 503, 2003 WL 21655239, at *1–2. In so doing, the Court of Appeals found that, "[a]ssuming arguendo" that Figueroa–Taveras was eligible for Section 212(c) relief, he had failed to make the requisite showing of prejudice neces-sary to dismiss the indictment against him because Figueroa–Taveras failed to demonstrate that it was likely or even plausible that he would receive a Section 212(c) waiver. *Id.* 69 Fed.Appx. 502, 2003 WL 21655239 at *1.

The decision of the Court of Appeals assumes, without deciding, that Figueroa–Taveras was eligible for Section 212(c) relief, and therefore leaves open the possibility that the petitioner's interpretation of Section 212(c) is correct. Other judges of this Court have decided that prison terms can aggregated to determine whether the requisite five-year term has been satisfied. *See Herrera v. Giambruno*, No. 01 Civ. 8561, 2002 WL 31357844, at *2 (S.D.N.Y. Oct. 18, 2002) (explicitly approving the aggregation of aggravated felony prison terms when calculating time spent in prison in order to determine eligibility of Section 212(c) relief); *Gittens v. Ashcroft*, No. 01 Civ. 9866, 2002 WL 31323833, at *3 (S.D.N.Y. Oct. 16, 2002) (aggregating aggravated felony convictions and finding that the petitioner had served more than five years in prison and therefore was ineligible for Section 212(c) relief). It is not clear, however, that Section 1182(c) contemplates the combination of prison terms to bar relief. As Judge Patterson pointed out in *Figueroa–Taveras*, in a portion of the decision not questioned by the Court of Appeals, the statute expressly refers to a "term of imprisonment." *See Figueroa–Taveras*, 228 F.Supp.2d at 433. That term may be imposed for one or more felonies, but the statute arguably requires a sufficiently serious felony or felonies to have resulted in a judge imposing a sentence of imprisonment of at least five years.[2]

---

**2.** This Court's opinion in *Copes* is not to the contrary. In that case, the Court noted that Congress amended former Section 212(c) in November 1990 to eliminate Section 212(c) relief for aliens convicted of an aggravated felony who had served a term of imprisonment of at least five years. The Court observed that the "language of this amendment

In fact, in arguing that the Court should follow *Davis* and find that time in prison accrued during the pendency of administrative proceedings could render a petitioner ineligible for Section 212(c) relief, the Government stated at oral argument that the five-year bar is really a stand-in for a finding that the petitioner had committed a sufficiently serious offense rendering him ineligible for such relief. (Transcript of May 2, 2003 Hearing at 30–31.) *See also Davis,* 2003 WL 289624, at *6; *Madera–Lora v. McElroy,* No. 02 Civ. 309, 2002 WL 1766450, at *2 n. 6 (S.D.N.Y. July 31, 2002). This argument undermines the Government's contention that denying relief based on a series of lesser prison terms is no different from denying relief on account of one term of five years or more.

■ The petitioner asks that this case be remanded to the BIA because the facts of the second set of convictions have never been considered by the BIA, and indeed the BIA has not decided whether the sentences for the convictions in this case can be aggregated. In view of the BIA's expertise in interpreting the INA, the Court will remand the petition to the BIA for further proceedings. If the petitioner's application for Section 212(c) relief is denied again, the petitioner could file a subsequent habeas corpus petition challenging that determination.

## CONCLUSION

Any remaining arguments of the parties are either moot or without merit. For the reasons explained, the petition for a writ of habeas corpus is granted to the extent of remanding this case to the Bureau of Immigration Appeals for further proceedings consistent with this opinion. The Clerk of the Court is directed to enter judgment and to close this case.

**SO ORDERED.**

---

was further revised in the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 ("MTINA") to clarify that the five-year term could be served for multiple convictions.... MTINA replaced the phrase 'an aggravated felony and has served' with 'one or more aggravated felonies and has served for such felony or felonies[ ]' ...." *Copes,* 2001 WL 830673, at *3 n. 7. In *Copes,* the petitioner was convicted by a jury of four narcotics and firearm-related counts and was sentenced to one term of incarceration encompassing each of those counts. *Id.* at *1. The petitioner in *Copes* therefore·served a single term of imprisonment for multiple felonies. In this case, Paulino–Jimenez has served two wholly separate terms of imprisonment on two wholly separate felony convictions.