**Gloria TOLEDO–HERNANDEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States; Immigration and Naturalization Services Respondent.**

**No. 99 CIV. 4504(JGK).**

United States District Court, S.D. New York.

Aug. 27, 2003.

---

### OPINION AND ORDER

KOELTL, District Judge.

The petitioner, Gloria Toledo–Hernandez, has filed a petition for a writ of habeas corpus challenging her order of deportation on the ground that the petitioner should have been allowed to seek a discretionary waiver of deportation pursuant to former Section 212(c) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1182(c) (repealed by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), § 304(b), Pub.L. No. 104–28, 1996 U.S.C.C.A.N. (110 Stat.) 3009, 3009–597). The petitioner

claims that she was wrongly denied this relief because Section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 1277, was applied to her retroactively.

### I.

The petitioner, a native and citizen of Cuba, was paroled into the United States on or about June 28, 1967. (Certified Administrative Record ("R.") at 23, 52, B000010 [1].) Toledo–Hernandez's status was adjusted to that of lawful permanent resident on or about February 11, 1971 as of July 6, 1967. (R. at 23, B000013.) Toledo–Hernandez was convicted on June 10, 1991 of criminal sale of a controlled substance (heroin) in the fifth degree in the New York State Supreme Court, New York County, upon her plea of guilty. (R. at 23–24, 43, B000013.) The petitioner was sentenced on July 15, 1991 to an indeterminate term of two-and-a-half to five years' imprisonment. (R. at 41, 43.)

On March 10, 1997 the Immigration and Naturalization Service ("INS") served the petitioner with an order to show cause and notice of hearing at the Albion Correctional Facility. (R. at 59.) The order to show cause charged that Toledo–Hernandez was deportable from the United States pursuant to Sections 241(a)(2)(A)(iii) and 241(a)(2)(B)(i) of the INA as an alien who had been convicted of an aggravated felony pursuant to Section 101(a)(43) of the Act and of a controlled substance offense, respectively, both charges stemming from the June 1991 conviction. (B000013–14.)

Deportation proceedings were held before an immigration judge ("IJ") at Bedford Hills Correctional Facility on June 4,

---

**1.** The copy of the order to show cause at pages 52–58 of the administrative record is illegible. The Government has provided a legible copy, to which the Court will refer as appropriate (e.g. "B000010"), at Exhibit B to the Return.

1997 but were adjourned. (R. at 29–33.) Proceedings resumed on November 4, 1997 at which time the petitioner, through counsel, admitted to the first five allegations in the order to show cause and sought a withholding of deportation pursuant to Section 243(h) of the INA. (R. at 37.) The IJ issued an oral decision on November 4, 1997 ordering the petitioner deported to Cuba and pretermitting Toledo–Hernandez's application for political asylum on the ground that she was ineligible for Section 243(h) relief as an alien convicted of an aggravated felony. (R. at 21–26.)

The petitioner appealed to the Board of Immigration Appeals ("BIA"). (R. at 8–17.) The BIA dismissed the petitioner's appeal on June 25, 1998 upon finding that Toledo–Hernandez was ineligible for asylum and that the BIA was bound by the Attorney General's interim decision in *Matter of Soriano,* Int. Dec. No. 3289, 1996 WL 426888 (Att'y Gen. Feb. 21, 1997). (R. at 2–4.) *Matter of Soriano* held that Section 440(d) of AEDPA applied to limit the availability of Section 212(c) relief for any aliens who were not already in deportation proceedings on the effective date of AEDPA, April 24, 1996.

Toledo–Hernandez filed her initial petition for a writ of habeas corpus in the Southern District of New York on December 15, 1998 and was given leave to file an amended petition, which she did on August 23, 1999. The Court held the petition in abeyance pending the decision by the Second Circuit Court of Appeals in *United States v. Figueroa–Taveras,* No. 02–1702, 2003 WL 21655239 (2d Cir. July 11, 2003) (table).

## II.

The petitioner challenges her order of deportation on the ground that she should have been permitted to seek a discretionary waiver of deportation pursuant to for-

mer Section 212(c) of the INA. The BIA has affirmed the petitioner's order of deportation, and Toledo–Hernandez has thus exhausted her administrative remedies and the habeas petition is properly before this Court. In addition, this Court retains jurisdiction under 28 U.S.C. § 2241 to review the legal claims against a final order of deportation raised by an alien subject to deportation by reason of having committed a criminal offense. *See INS v. St. Cyr,* 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (hereinafter *St. Cyr II* ).

Former Section 212(c) provided:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General.... [T]his subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

8 U.S.C. § 1182(c) (1994). Although Section 212(c) by its terms applies to residents returning from temporary departures abroad, it has long been interpreted to apply to lawful permanent residents who have not left the United States but who face deportation. *See St. Cyr II,* 533 U.S. at 295, 121 S.Ct. 2271; *Bedoya–Valencia v. INS,* 6 F.3d 891, 895–98 (2d Cir.1993); *Francis v. INS,* 532 F.2d 268, 273 (2d Cir.1976); *Copes v. McElroy,* No. 98 Civ. 2589, 2001 WL 830673, at *3 (S.D.N.Y. July 23, 2001). To qualify for relief under Section 212(c), an alien had to show that the alien was a lawful permanent resident of the United States who had a lawful unrelinquished domicile of seven consecutive years and that the alien had not been convicted of one or more aggravated felo-

nies for which the alien had served a term of imprisonment of at least five years. *See* 8 U.S.C. § 1182(c); *Rankine v. Reno*, 319 F.3d 93, 95 (2d Cir.2003), *reh'g denied*, Nos. 01–2135, 01–2483, 00–2631, (2d Cir. Apr. 21, 2003); *St. Cyr v. INS*, 229 F.3d 406, 410 (2d Cir.2000) (hereinafter *St. Cyr I* ), *aff'd*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). If an alien made such a showing, the decision whether to grant relief from deportation was left to the discretion of the Attorney General or his delegates. *See* 8 U.S.C. § 1182(c); *Rankine*, 319 F.3d at 95; *St. Cyr I*, 229 F.3d at 410.

On April 24, 1996 Congress enacted AEDPA and Section 440(d) of the statute precluded aliens who were convicted of committing drug-related crimes or aggravated felonies regardless of the time served in prison from obtaining Section 212(c) relief. *See* AEDPA § 440(d), 110 Stat. at 1277; *St. Cyr I*, 229 F.3d at 411. One of Congress's goals in enacting the statute was to increase the number of deportable criminal aliens. *See Domond v. INS*, 244 F.3d 81, 84 (2d Cir.2001); *St. Cyr I*, 229 F.3d at 411. Former Section 212(c) was subsequently repealed by IIRIRA Section 304(b) in 1996 and was replaced by a form of relief entitled "cancellation of removal," codified at 8 U.S.C. § 1229b. IIRIRA, 1996 U.S.C.C.A.N. (110 Stat) at 3009–597; *Domond*, 244 F.3d at 84.

The petitioner was convicted pursuant to her guilty plea prior to the enactment of AEDPA on April 24, 1996. Under *St. Cyr II*, the petitioner is correct and the BIA should not have applied Section 440(d) to her case and dismissed Toledo–Hernandez's application for Section 212(c) relief. In *St. Cyr II*, the Supreme Court held that Section 212(c) relief "remains available for aliens ... whose convictions were obtained through plea agreements and who, notwithstanding those convic-

tions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *St. Cyr II*, 533 U.S. at 326, 121 S.Ct. 2271. The Court found that "[t]here can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions." *Id.* at 322, 121 S.Ct. 2271. Thus, the Supreme Court found, because the respondent in that case and other aliens like him "almost certainly relied upon [the significant likelihood of receiving Section 212(c) relief prior to the enactment of AEDPA and IIRIRA] in deciding whether to forgo their right to a trial, the elimination of any possibility of § 212(c) relief ... has an obvious severe retroactive effect." *Id.* at 325, 121 S.Ct. 2271. Therefore, Section 440(d) cannot be applied retroactively to bar relief to aliens such as the petitioner who pleaded guilty to an aggravated felony prior to AEDPA's effective date. The Attorney General's prior decision to apply AEDPA's limitation on Section 212(c) relief to those, like the petitioner, who were not in deportation proceedings on AEDPA's effective date but who pleaded guilty prior to that date is incorrect under *St. Cyr II*.

The Government argues that the Court should deny the petition despite the BIA's erroneous reliance on *Matter of Soriano* because the petitioner is ineligible for Section 212(c) relief by virtue of having spent more than five years in prison. *See* 8 U.S.C. § 1182(c) (Section 212(c) relief not available "to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years"); *Buitrago–Cuesta v. INS*, 7 F.3d 291, 296 (2d Cir.1993) (petitioner ineligible for Section 212(c) relief who had served over five years in prison at the time IJ ordered petitioner deported); *Davis v.*

*Ashcroft,* No. 01 Civ. 6228, 2003 WL 289624, at *5–6 (S.D.N.Y. Feb. 10, 2003) (petitioner ineligible for Section 212(c) relief who accrued five years in prison during the course of INS proceedings); *Copes,* 2001 WL 830673, at *5–6 (alien who had spent more than five years in prison by the time alien was served with order to show cause was ineligible for 212(c) relief). The petitioner does not allege that she was incarcerated for less than five years, but instead claims that there is no clear finding in the administrative record of the length of her incarceration and thus the Court should remand the case to the BIA for further fact-finding. The petitioner also contends that she has not served five years in prison for purposes of 8 U.S.C. § 1182(c) because she has not served a single five-year term of imprisonment.

The Government contends that by the time the IJ denied the petitioner relief on November 4, 1997, before the BIA made its decision under *Matter of Soriano,* the petitioner had already been incarcerated for over five years on account of aggravated felony convictions. The relevant incarceration allegedly comprises three parts totaling five years and seven months by the time of the IJ's decision. (*See* Gov. Mem. Opp. at 13–14 & n. 3.) First, Toledo–Hernandez allegedly served one year, seven months, and twenty-seven days for her 1991 conviction for fifth degree criminal sale of a controlled substance for which she was ordered deported. Prior to that time, the Government alleges (and the petitioner does not deny), Toledo–Hernandez served one year and nine days in 1989–1990 for a 1989 second degree burglary conviction. And third, the Government contends (and again the petitioner does not deny), that Toledo–Hernandez served two years, ten months, and twenty-six days between 1994 and the filing of the Government's papers for a 1994 conviction for first degree robbery. Therefore, the Gov-

ernment argues, even under the law as it existed prior to AEDPA and IIRIRA, Toledo–Hernandez would be ineligible for Section 212(c) relief.

The petitioner does not dispute the alleged length of her imprisonment but claims that the Government cannot aggregate wholly separate terms of incarceration under Section 1182(c) in order to render the petitioner ineligible for Section 212(c) relief. The petitioner also notes that two of the three convictions on which the Government relies are not found in the administrative record. Toledo–Hernandez argues that such aggregation was not anticipated by the statute, which denies relief "to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." 8 U.S.C. § 1182(c).

The Court agreed to hold this case in abeyance pending the Court of Appeals' decision in *Figueroa–Taveras* in which the Court of Appeals faced the question of whether aggregated terms of imprisonment barred 212(c) relief when they combined to exceed five years. (*See* Brief for Appellee Rogelio Figueroa–Taveras at 13–19, arguing that the district court had properly concluded that only a single term of imprisonment of five or more years can preclude Section 212(c) relief.) Figueroa–Taveras had not served a single term of imprisonment lasting five or more years but, instead, had served various terms of imprisonment that totaled in excess of five years. *See United States v. Figueroa–Taveras,* 228 F.Supp.2d 428, 433 (S.D.N.Y. 2002), *vacated on other grounds,* 69 Fed. Appx. 502, 2003 WL 21655239 (2d Cir. 2003) (table). The Court of Appeals has now issued a summary order in *Figueroa–Taveras* that does not address this question but instead vacates the district court's dismissal of an indictment charging the

defendant-appellee with illegal re-entry into the United States. *See Figueroa–Taveras,* 2003 WL 21655239, at *1–2. In so doing, the Court of Appeals found that, "[a]ssuming arguendo" that Figueroa–Taveras was eligible for Section 212(c) relief, he had failed to make the requisite showing of prejudice necessary to dismiss the indictment against him because Figueroa–Taveras failed to demonstrate that it was likely or even plausible that he would receive a Section 212(c) waiver. *Id.* 69 Fed. Appx. 502, 2003 WL 21655239 at *1.

The decision of the Court of Appeals assumes, without deciding, that Figueroa–Taveras was eligible for Section 212(c) relief, and therefore leaves open the possibility that the petitioner's interpretation of Section 212(c) is correct. Other judges of this Court have decided that prison terms can be aggregated to determine whether the requisite five-year term has been satisfied. *See Herrera v. Giambruno,* No. 01 Civ. 8561, 2002 WL 31357844, at *2 (S.D.N.Y. Oct. 18, 2002) (explicitly approving the aggregation of aggravated felony prison terms when calculating time spent in prison in order to determine eligibility of Section 212(c) relief); *Gittens v. Ashcroft,* No. 01 Civ. 9866, 2002 WL 31323833, at *3 (S.D.N.Y. Oct. 16, 2002) (aggregating aggravated felony convictions and finding that the petitioner had served more than five years in prison and therefore was ineligible for Section 212(c) relief). It is not clear, however, that Section 1182(c) contemplates the combination of prison terms to bar relief. As Judge Patterson pointed out in *Figueroa–Taveras,* in a portion of the decision not questioned by the Court of Appeals, the statute expressly refers to a "term of imprisonment." *See Figueroa–Taveras,* 228 F.Supp.2d at 433. That term may be imposed for one or more felonies, but the statute arguably requires a sufficiently serious felony or felonies to have resulted in a judge imposing a sentence of imprisonment of at least five years.[2]

In fact, in arguing that the Court should follow *Davis* and find that time in prison accrued during the pendency of administrative proceedings could render a petitioner ineligible for Section 212(c) relief, the Government stated at oral argument that the five-year bar is really a stand-in for a finding that the petitioner had committed a sufficiently serious offense rendering the petitioner ineligible for such relief. (Transcript of May 2, 2003 Hearing at 30–31.) *See also Davis,* 2003 WL 289624, at *6; *Madera–Lora v. McElroy,* No. 02 Civ. 309, 2002 WL 1766450, at *2 n. 6 (S.D.N.Y. July 31, 2002). This argument undermines the Government's contention that denying relief based on a series of lesser prison terms is no different from

---

**2.** This Court's opinion in *Copes* is not to the contrary. In that case, the Court noted that Congress amended former Section 212(c) in November 1990 to eliminate Section 212(c) relief for aliens convicted of an aggravated felony who had served a term of imprisonment of at least five years. The Court observed that the "language of this amendment was further revised in the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 ("MTINA") to clarify that the five-year term could be served for multiple convictions.... MTINA replaced the phrase 'an aggravated felony and has served' with 'one or more aggravated felonies and has served for such felony or felonies[ ]' ...." *Copes,* 2001 WL 830673, at *3 n. 7. In *Copes,* the petitioner was convicted by a jury of four narcotics and firearm-related counts and was sentenced to one term of incarceration encompassing each of those counts. *Id.* at *1. The petitioner in *Copes* therefore served a single term of imprisonment for multiple felonies. In this case, Toledo–Hernandez has served three wholly separate terms of imprisonment on three wholly separate felony convictions.

denying relief on account of one term of five years or more.

The petitioner asks that this case be remanded to the BIA because the facts with respect to two of the petitioner's convictions have never been considered by the BIA, and indeed the BIA has not decided whether the sentences for the convictions in this case can be aggregated. In view of the BIA's expertise in interpreting the INA, the Court will remand the petition to the BIA for further proceedings. If the petitioner's application for Section 212(c) relief is denied again, the petitioner could file a subsequent habeas corpus petition challenging that determination.

## CONCLUSION

Any remaining arguments of the parties are either moot or without merit. For the reasons explained, the petition for a writ of habeas corpus is granted to the extent of remanding this case to the Bureau of Immigration Appeals for further proceedings consistent with this opinion. The Clerk of the Court is directed to enter judgment and to close this case.

**SO ORDERED.**