**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco JIMENEZ–MARMOLEJO,**
**Defendant–Appellant.**

No. 95–10262.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 1996.

Memorandum Filed Nov. 15, 1996.

Order and Opinion Filed Dec. 30, 1996.

**1084**

Maria C. Borbon, Office of the Federal Public Defender, Tucson, Arizona, for Defendant–Appellant.

E. David Reyes, Office of the United States Attorney, Tucson, Arizona, for Plaintiff–Appellee.

Before: SNEED, NORRIS, and WIGGINS, Circuit Judges.

### ORDER

Appellant's request for publication is GRANTED. The Memorandum disposition filed November 15, 1996, is redesignated as an authored Opinion by Judge Norris.

### OPINION

WILLIAM A. NORRIS, Circuit Judge:

On appeal from his conviction for attempting to reenter the United States after deportation in violation of 8 U.S.C. § 1326, Francisco Jimenez–Marmolejo collaterally attacks the constitutional adequacy of his underlying deportation hearing. In addition, he argues that the district court incorrectly denied his motions for continuance and for a new trial, and that the district court erred in its evidentiary rulings and by refusing to instruct the jury that specific intent was an element of the crime. We agree with Jimenez–Marmolejo that his underlying deportation hearing violated his due process rights, and so we need not reach his challenges to his subse-

quent conviction for attempting to reenter the United States illegally.

■ Jimenez–Marmolejo may collaterally attack the procedural adequacy of his original deportation hearing so long as he can show that he was prejudiced by the procedural inadequacy. *United States v. Proa–Tovar,* 975 F.2d 592, 595 (9th Cir.1992) (en banc). We review such collateral attacks against deportation procedures *de novo. United States v. Leon–Leon,* 35 F.3d 1428, 1430 (9th Cir.1994).

■ Jimenez–Marmolejo complains that his deportation proceeding violated his due process rights for three independent reasons: first, that the immigration judge failed to transfer venue from Arizona to California; second, that his counsel provided ineffective assistance at the deportation hearing; and third, that the immigration judge failed to obtain a knowing and intelligent waiver of Jimenez–Marmolejo's right to appeal the deportation decision. There is no merit to Jimenez–Marmolejo's first two claims. Jimenez–Marmolejo did not move for a change of venue, so the immigration judge could not have granted such a change. 8 C.F.R. § 3.20(b) (venue may be changed "only upon motion of one of the parties"). And we agree with the government that Jimenez–Marmolejo has failed to make a showing that his representation was ineffective.

■ The immigration judge did, however, fail to obtain a knowing and voluntary waiver of Jimenez–Marmolejo's right to appeal the deportation decision. A waiver of the right to appeal a deportation decision is inadequate if the waiver was "not the result of considered judgment[ ]...." *United States v. Mendoza–Lopez,* 481 U.S. 828, 840, 107 S.Ct. 2148, 2156, 95 L.Ed.2d 772 (1987). Here, one attorney represented four unrelated defendants, including Jimenez–Marmolejo, at the deportation hearing. After the immigration judge orally dictated his order of deportation, which covered all the defendants, the immigration judge asked whether "either side" wished to reserve the right to appeal the deportation decision. CR 100, at 7. First the attorney for all four defendants, and then the government's attorney, stated that they did not wish to appeal the deportation order. *Id.* This process, where a single attorney purports to make a collective waiver of the right to appeal for multiple defendants, is indistinguishable from that in *Proa–Tovar,* and in *Proa–Tovar,* the government conceded that such a waiver of appeal rights was not knowing and intelligent. 975 F.2d at 593. Here, the government also conceded to the district court, for purposes of a pretrial motion, that the waiver was invalid. And now the government's only argument is that Jimenez–Marmolejo suffered no prejudice from his failure to appeal the deportation order: "Defendant's waiver was made by counsel and should be presumed to be knowing and intelligent, especially where he cannot show a direct appeal would have achieved a different result." Brief of Appellee at 12. On this record, we hold that there was no valid waiver of Jimenez–Marmolejo's right to appeal.

■ We now consider the issue of prejudice. Had Jimenez–Marmolejo appealed the deportation order, he would have become eligible for discretionary relief from deportation pursuant to § 212(c) of the Immigration and Naturalization Act during the pendency of his appeal. 8 U.S.C. § 1182(c).[1] In order to be eligible for § 212(c) discretionary relief from deportation, persons must have been lawful resident aliens for seven consecutive years. *Id.* An alien may continue to accrue time toward the § 212(c) seven-year requirement while the alien appeals a deportation decision, even if that alien has conceded deportability at the immigration hearing, as Jimenez–Marmolejo did. *Foroughi v. INS,* 60 F.3d 570, 572 (9th Cir.1995). The record

---

1. Section 212(c) provides in pertinent part:
   Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provision of subsection (a) [which lists classes of excludable aliens].
   8 U.S.C. § 1182(c). Although the literal language of § 212(c) applies only to exclusion proceedings, the statute has been held to apply to deportation proceedings as well. *Ortega de Robles v. INS,* 58 F.3d 1355, 1358 (9th Cir.1995).

is clear that Jimenez–Marmolejo would have become eligible for such relief if he had appealed the deportation decision because he was only two months shy of the seven-year lawful residence requirement at the time of his deportation hearing. Jimenez–Marmolejo entered the United States without inspection in 1976, but he applied for amnesty in June of 1987, pursuant to the Immigration Reform and Control Act of 1986 (IRCA). The § 212(c) seven-year period of lawful residence is triggered on the date an illegal alien applies for amnesty pursuant to the IRCA. *Ortega de Robles v. INS*, 58 F.3d 1355, 1360 (9th Cir.1995). Thus, Jimenez–Marmolejo had lived continuously in the United States as a lawful permanent resident for six years and ten months by the time of his deportation hearing in April 1994.

■ In order to show prejudice, Jimenez–Marmolejo is not required to prove that he would have received discretionary relief from deportation pursuant to § 212(c). Instead, Jimenez–Marmolejo only needs to show that he has plausible grounds for relief. *See Leon–Leon*, 35 F.3d at 1432 (9th Cir.1994) (finding no prejudice where defendant "offers no *plausible* grounds of relief which might have been available to him") (emphasis added); *Proa–Tovar*, 975 F.2d at 595–96 ("We need not and do not attempt to delineate the boundaries of the prejudice element. Whatever they might be, Proa–Tovar did not show that he suffered even the *possibility* of prejudice.") (emphasis added). Here, Jimenez–Marmolejo has shown at least three plausible factors that would support an application for discretionary relief pursuant to § 212(c): first, Jimenez–Marmolejo had lived in the United States from when he was three years old until his deportation when he was 21 years old; second, all of Jimenez–Marmolejo's family lived and still lives in California; and third, Jimenez–Marmolejo is borderline retarded and so may have an extraordinary need for family guidance and assistance. The government does not challenge the legitimacy of these factors.

Given these factors, and the near-certainty that Jimenez–Marmolejo would have met the seven-year lawful residence requirement if he had not waived his right to appeal, we hold that Jimenez–Marmolejo was prejudiced by the invalid waiver of his right to appeal. Accordingly, his deportation was invalid, and we REVERSE his conviction for attempting to reenter the United States after having been deported.