**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan GARCIA–FRAUSTO, Defendant—Appellant.**

No. 01–50488.

D.C. CR–00–00860–AHM(A).

United States Court of Appeals, Ninth Circuit.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted June 3, 2002.\*

Decided June 25, 2002.

Before ALARCÓN, SILVERMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*

Juan Garcia–Frausto ("Garcia–Frausto") appeals from the judgment of conviction for being an alien found in the United States following deportation in violation of 8 U.S.C. § 1326. He entered a conditional plea of guilty following denial of his motion to dismiss the indictment. In this appeal, he seeks reversal on the ground that his attorney and the immigration judge ("IJ") failed to inform him of his possible eligibility for a waiver of deportation. We affirm because we conclude that Garcia–Frausto was not prejudiced by: (1) the failure of the IJ to advise him that he might be eligible for a waiver of deportation, or (2)

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the decision of his retained counsel that he was not eligible for relief. Because the pertinent facts and procedural history are known to the parties, we shall only summarize those pertinent to our analysis of Garcia–Frausto's contentions.

### I

This court "reviews de novo the denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion to dismiss is based on alleged due process defects in an underlying deportation proceeding." *United States v. Muro–Inclan,* 249 F.3d 1180, 1182 (9th Cir.2001) (citations omitted), *cert. denied, sub nom. Vidrio–Aleman v. United States,* —— U.S. ——, 122 S.Ct. 180, 151 L.Ed.2d 125 (2001). A defendant may collaterally attack the underlying deportation order in a § 1326 prosecution if there was no meaningful opportunity to seek judicial review or where the alien's waiver of his right to appeal was not "considered and intelligent." *United States v. Estrada–Torres,* 179 F.3d 776, 780–81 (9th Cir.1999), *rev'd on other grounds, United States v. Rivera–Sanchez,* 247 F.3d 905 (9th Cir.2001). To succeed in a collateral attack on a deportation order, however, the defendant must demonstrate that: "(1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir.2000) (citation omitted).

Garcia–Frausto maintains that his waiver of the right to appeal the 1996 deportation order was not considered and intelligent because the IJ and his retained

counsel failed to advise him that he might be eligible for a waiver of deportation. The record shows that Rudy Cardenas, Jr., Garcia–Frausto's counsel, requested a continuance of the deportation proceedings on November 4, 1996 in order to consider filing a Petition for Alien Relative ("Form I–130") to pave the way for Garcia–Frausto's lawful immigration.[1] A Form I–130 may be filed by a parent, sibling, spouse, or child who is a lawful permanent resident or a United States citizen. Garcia–Frausto's parents were lawful permanent residents and his two children were United States citizens on November 4, 1996. He was not married on that date to Maria Lucia Longoria, his live-in romantic companion. An INS form I–130 was not filed by Garcia–Frausto's parents or Ms. Longoria.

On November 7, 1996, Mr. Cardenas wrote a letter to Immigration Judge Dennis R. James, in which he requested that the deportation proceedings be expedited. In the letter, Mr. Cardenas stated that: "[f]rom my reading of his case, there is no relief available and I am requesting that you sign the enclosed decision and order of the Immigration Judge prepared by this office and signed by Asst. District Counsel, Judith Le Fleur, my client and myself."

The decision and order prepared by Mr. Cardenas reflects that Garcia–Frausto moved for a judgment on the pleadings in which he admitted the allegations against him, and conceded deportability. The decision and order also provides that "Respondent waives all relief from deportation and he waives appeal of this order of deportation." The decision and order also states that "Respondent acknowledges that

---

**1.** In its current version, INS form I–130 is a two-page document that must be signed and submitted by the citizen or lawfully resident family member ("Petitioner"). The form requires demographic information about both

the Petitioner and the relative beneficiary, as well as information about the relative's entry to the U.S., immigration history, employment, and immediate family.

his attorney has explained to him the consequences of this stipulated request and I enter into this stipulation voluntarily, knowingly, and intelligently."

On November 8, 1996, Judge James signed a pretrial order which reflects that deportability was conceded and that "No Relief is available or Requested."

### A.

■ Garcia–Frausto contends that his waiver was not considered and intelligent because the IJ did not inform him that he was eligible for relief from deportation, notwithstanding his criminal conviction, upon a showing that his deportation would cause extreme hardship to his parents. An alien can obtain relief from deportation pursuant to § 1182(h)[2] if it would cause an "extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien." 8 U.S.C. § 1182(h)(1)(B) (1996). A waiver of the right to appeal a deportation order is: "not considered and intelligent when the record contains an inference that the petitioner is eligible for relief from deportation, but the [IJ] fails to advise the alien of this possibility and give him the opportunity to develop the issue." *Muro–Inclan,* 249 F.3d at 1182 (citation and internal quotations omitted).

The INS regulations require that "[t]he immigration judge shall inform the respondent of his or her apparent eligibility to apply for [a waiver of deportation] and shall afford the respondent an opportunity to make application therefor during the hearing." 8 C.F.R. § 242.17(a)(1996). The IJ in this matter was not informed that Garcia–Frausto's parents were lawful permanent residents. The IJ was aware, however, that Garcia–Frausto's attorney

obtained a continuance to explore the possibility of filing a Form I–130 petition. We have previously held that we can assume that immigration judges are "intimately familiar with the immigration laws." *Moran–Enriquez v. INS,* 884 F.2d 420, 423 (9th Cir.1989). Thus, we can assume that the IJ could reasonably infer from counsel's reference to Form I–130 that Garcia–Frausto might have a spouse, parent, or child who would suffer extreme hardship if he were to be deported. Accordingly, the IJ was required to inform Garcia–Frausto that he might be eligible for relief pursuant to § 1182(h), and to give him an opportunity to explore this ground for relief before accepting a waiver of the right to appeal from the deportation order.

In *Moran–Enriquez,* as here, the IJ was not expressly told that the respondent was the spouse, parent, or child of a United States citizen or that his deportation would cause extreme hardship. *Id.* at 422. The record disclosed, however, that Moran–Enriquez was admitted under an IR–1 visa. *Id.* Such visas are only issued to aliens who have an immediate relative who is a United States citizen. *Id.* Here, the IJ was made aware by Mr. Cardenas that a continuance was required so that he could determine whether his client might have a spouse, parent, or child who was eligible to initiate proceedings pursuant to Form I–130 to permit Garcia–Frausto to immigrate lawfully. We held in *Moran–Enriquez,* that "[s]ection 242.17(a) obviously is meant to prompt the IJ to help an alien explore legal avenues of relief that might not be apparent to him *or his attorney.*" *Id.* at 423 (emphasis added). Accordingly, we conclude that Garcia–Frausto's waiver of

---

**2.** This waiver is commonly referred to as a " § 212(h) waiver," based on its citation in the Immigration and Naturalization Act. For clarity, we refer to the waiver as a " § 1182(h) waiver," based on its citation as codified in the United States Code.

his right to appeal the deportation was not considered or intelligent because the IJ failed to advise him of his apparent ability to apply for relief under § 1182(h).

### B.

Garcia–Frausto also contends that the failure of his attorney to advise him that there were plausible grounds for relief from deportation deprived him of his right to due process. Garcia–Frausto submitted a declaration in support of his motion to dismiss the indictment in which he alleged that his attorney told him he did not have a legal basis for relief from deportation. He also alleged that he would not have waived his right to file an appeal from the deportation order if he had known that his parents could file a Form I–130, or that, by marrying Ms. Longoria, she could assist him in immigrating lawfully.

Garcia–Frausto submitted the declaration of Mr. Cardenas in support of his motion to dismiss the criminal proceedings. Mr. Cardenas alleged that he could not recall the basis for his representation to the IJ that no relief from deportation was available to Garcia–Frausto. He also had no memory regarding whether he spoke to Ms. Longoria or Garcia–Frausto's parents.

In short, because of memory loss, Mr. Cardenas was unable to rebut Garcia–Frausto's declaration that he was not informed by his attorney that he might have a legal basis for avoiding deportation. We cannot determine, whether Mr. Cardenas made an informed decision not to pursue a request for waiver of deportation because he could not demonstrate that Garcia–Frausto was entitled to relief under § 1182(h) because his parents would not suffer extreme non-economic hardship if he were deported, or whether his client preferred deportation and release from INS detention to remaining in custody while he resisted deportation. Based on Garcia–Frausto's unrebutted allegations, Mr. Cardenas's representation appears to have precluded Garcia–Frausto from attempting to demonstrate that he might be eligible for relief from deportation. *See Ramirez–Durazo v. INS*, 794 F.2d 491, 500 (9th Cir.1986) (*quoting Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir.1985) ("Ineffective assistance of counsel in a deportation proceeding is a denial of due process only 'if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case.' ")).

### II

Having determined that Garcia–Frausto's waiver of his appeal from the deportation order was invalid because the IJ and his retained counsel failed to inform him that he might be eligible for relief for deportation, we must next determine whether Garcia–Frausto was prejudiced as a result of these defects. To demonstrate prejudice from a denial of his due process right to appeal from the deportation order, an alien "does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation." *Arrieta*, 224 F.3d at 1079 (citing *United States v. Arce–Hernandez*, 163 F.3d 559, 563 (9th Cir.1998); *United States v. Jimenez–Marmolejo*, 104 F.3d 1083, 1086 (9th Cir.1996)). "[A] section [1182(h)] waiver will be granted only where there is 'great actual or prospective injury' or 'extreme impact' on the citizen family member, beyond the 'common results of deportation.' " *Arce–Hernandez*, 163 F.3d at 564 (citing *Shooshtary v. INS*, 39 F.3d 1049, 1051 (9th Cir.1994)).

Garcia–Frausto has failed to demonstrate that his parents would suffer extreme hardship if he is deported. He pre-

sented evidence that he is the closest to his parents of his six siblings. He contributes to his parents' support and transports them to the store, to their doctors, and other places. His mother filed a declaration in which she states that Garcia–Frausto's detention and prior deportation has worked a "financial and emotional hardship" and she misses him "so much" when he is deported that she becomes depressed and physically ill. His father also declared that he was "depressed and devastated because he was separated from us." Economic hardship, and the normal deprivation of familial support associated with separation have been "held to constitute the common results of deportation, and therefore do not constitute extreme hardship." *Muro–Inclan*, 249 F.3d at 1184–85 (internal quotation omitted). We have held that the resulting hardship is extreme where "the defendant had thoroughly documented the many ways in which his support and presence in the United States were valuable to [his lawfully resident family members] *in non-economic terms." Id.* at 1185–86 (citing the facts in *Arrieta*, 224 F.3d at 1082)(emphasis added). Garcia–Frausto has merely offered conclusions concerning the non-economic impact of his absence from his parents rather than a thorough factual documentation that demonstrates extreme hardship.

The record shows that Garcia–Frausto has six brothers and sisters who are available to provide his parents comfort and emotional support. We cannot say that the hardships his parents will suffer because of his deportation "would be extreme and beyond the common results of the deportation of a convict." *Muro–Inclan*, 249 F.3d at 1185 (*quoting Arce–Hernandez*, 163 F.3d at 564).

---

\* Gordon R. England is substituted for John H. Dalton, Secretary of the Navy, pursuant to Fed. R.App. P. 43(c)(2).

## CONCLUSION

Garcia–Frausto has failed to demonstrate that he was prejudiced by the representation of his attorney at his deportation proceedings, or the failure of the IJ to inform him that he might be eligible for relief from deportation. Therefore, the district court did not err in denying his motion to suppress the indictment.

AFFIRMED.