**Maricruz ALVAREZ–MALDONADO,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

**No. 03–71105.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Dec. 1, 2004.

James R Patterson, Attorney, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Colette J. Winston, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, GOULD and CLIFTON, Circuit Judges.

### MEMORANDUM *

Petitioner Maricruz Alvarez–Maldonado seeks review of the decision of the Board of Immigration Appeals ("BIA") declining to reopen her application for cancellation of removal. We grant the petition for review, and remand to the BIA.

We conclude that the deficient performance of Alvarez–Maldonado's former attorney was prejudicial. Although counsel

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We adopt Alvarez–Maldonado's characterization of the motion because the facts supporting her claim of ineffective assistance of counsel were "unavailable to [her] at an earli-

---

agreed to "produce and file an appeal brief" and to "keep Ms. Alvarez informed at all stages of the proceedings," he failed to fulfill both obligations. These omissions prevented Alvarez–Maldonado from raising *Beltran–Tirado v. INS*, 213 F.3d 1179 (9th Cir.2000), before the BIA and this court as relevant precedent providing "plausible grounds for relief." *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1046 (9th Cir.2000) (quoting *United States v. Jimenez–Marmolejo*, 104 F.3d 1083, 1086 (9th Cir.1996)) (internal quotation marks omitted). Under these circumstances, the BIA erred in denying Alvarez–Maldonado's motion to reopen[1] for lack of prejudice. We accordingly remand to the BIA for further consideration.

### PETITION GRANTED; REMANDED.

---

er stage of the administrative process." *Iturribarria v. INS*, 321 F.3d 889, 891 (9th Cir. 2003).

