**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Alejandro SILVA–HUERTA,
Defendant—Appellant.**

**No. 05–10043.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2006.*

Filed April 19, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

---

Carter Mitchell Stewart, Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Cynthia C. Lie, Office of the Federal Public Defender, San Jose, CA, for Defendant–Appellant.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Alejandro Silva–Huerta ("Silva") appeals his conviction following a bench trial on one count of illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He contends that the district court erred in denying his motion to dismiss the indictment because the underlying deportation proceeding violated his due process rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo the district court's denial of a motion to dismiss a § 1326 indictment, where the motion is based on alleged due process defects in an underlying deportation proceeding." *United States v. Gonzalez*, 429 F.3d 1252, 1255 (9th Cir.2005).

We reluctantly agree with the government that Silva is barred from collaterally attacking his 2002 deportation because he failed to exhaust his administrative remedies, as required by 8 U.S.C. § 1326(d).[1]

---

1. Because the parties are familiar with the complicated factual and procedural history of this case, we do not recite it here except as necessary to aid in understanding this disposition.

*See* 8 U.S.C. § 1326(d)(1) (stating that an alien may not challenge the validity of the underlying deportation order unless the alien "exhausted any administrative remedies that may have been available to seek relief against the order"); *United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1048 (9th Cir.2004). The government concedes that Silva is relieved of the need to exhaust his administrative remedies regarding his 1997 deportation and further concedes that his due process rights were violated in the 1997 deportation proceeding. We disagree with the government's contention that Silva cannot show prejudice as a result of the due process violation. He need demonstrate only a plausible claim for relief from deportation, *Ubaldo–Figueroa,* 364 F.3d at 1050, and he has done so, in light of the evidence that his drug use was triggered by childhood abuse, as well as his reliance on his family members, all of whom live in the United States. *See United States v. Jimenez–Marmolejo,* 104 F.3d 1083, 1086 (9th Cir.1996) (reasoning that the defendant's "borderline retard[ation]" might cause him to have "an extraordinary need for family guidance and assistance").

Unfortunately, Silva did not exhaust his remedies following his 2002 deportation, which, unlike his 1998 deportation, was not simply a reinstatement of the faulty 1997 deportation. Nor has Silva demonstrated that the 2002 deportation "improperly deprived him of the opportunity for judicial review." *United States v. Hinojosa–Perez,* 206 F.3d 832, 836 (9th Cir.2000); *see also United States v. Mendoza–Lopez,* 481 U.S. 828, 838, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987) (reasoning that exhaustion is not required to challenge a deportation order in a § 1326 proceeding where the defects in the administrative proceeding foreclosed judicial review of that proceed-ing because "an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense").

The judgment of the district court accordingly is

**AFFIRMED.**