**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Israel FLORES–RODRIGUEZ,**
**Defendant–Appellant.**

**No. 06–50099.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed June 8, 2007.

Kyle W. Hoffman, Orlando B. Gutierrez, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Robert H. Rexrode, III, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: REINHARDT and TALLMAN, Circuit Judges, and WILKEN,* District Judge.

## MEMORANDUM **

A federal grand jury returned a one-count indictment against Israel Flores-Rodriguez, charging him with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. A jury found Flores–Rodriguez guilty and the district court sentenced him to sixty-three months custody, an enhanced sentence reflecting that he had been convicted of a crime of violence before he was deported. Flores–Rodriguez challenges both his conviction and sentence, arguing that (1) the district court erred in not dismissing the indictment because it failed to allege any mens rea; (2) the district court erred in excluding the 1995 Notice of Action and thereby prevented him from presenting to the jury a legally valid defense; (3) the district court violated his Fifth and Sixth Amendment rights by sentencing him to more than two years imprisonment; and (4) the district court erred in denying his motion to dismiss the indictment due to an invalid deportation. His first three arguments fail; his last argument, however, may have merit and, thus, we remand on that ground alone.

Flores–Rodriguez's reliance on *United States v. Salazar–Gonzalez,* 458 F.3d 851 (9th Cir.2006), is misplaced. That case did not overrule this court's holding in *United States v. Rivera–Sillas,* 417 F.3d 1014, 1020–21 (9th Cir.2005), that neither knowledge nor voluntary entry need be alleged in an indictment charging a defendant with being found in the United States in violation of § 1326. Because the language of Flores–Rodriguez's indictment follows the language approved in *Rivera–Sillas,* the indictment was sufficient.

Nor did the district court err in excluding the 1995 Notice of Action. Section 1326 provides that an alien who has previ-

---

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ously been deported commits a criminal act by entering or being found in the United States, unless "the Attorney General has expressly consented to such alien's reapplying for admission" to the country or unless the alien establishes "that he was not required to obtain such advance consent." 8 U.S.C. § 1326(a)(2)(A). According to Flores–Rodriguez, the Notice of Action is evidence that he had permission to enter the United States and did not need the Attorney General's consent. But the district court correctly found otherwise and, thus, did not prevent Flores–Rodriguez from presenting to the jury a legally valid defense.

■ We need not set aside Flores–Rodriguez's sentence for violating *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because any *Apprendi* error was harmless. *See United States v. Zepeda–Martinez*, 470 F.3d 909, 910 (9th Cir.2006) (holding that "*Apprendi* errors are reviewed for harmlessness"). Section 1326(a) provides that any alien who violates this section "shall be ... imprisoned not more than 2 years." Section 1326(b)(2), however, modifies that two year maximum sentence, providing that a twenty-year maximum sentence applies if removal or deportation followed "conviction for commission of an aggravated felony." Here, the district court concluded that, because Flores–Rodriguez had been convicted of an aggravated felony before he was deported, the twenty-year maximum sentence applied.

In his opening brief, Flores–Rodriguez concedes that Ninth Circuit law is contrary to his position that the court erred by sentencing him to more than two years imprisonment and states that he raises his argument to preserve it for further review. But in his reply, relying on *United States*

*v. Covian–Sandoval*, 462 F.3d 1090 (9th Cir.2006), he argues that the district court erred because the prior deportation or removal and its date must be alleged in the indictment and either admitted by the defendant or proved beyond a reasonable doubt.

In *United States v. Martinez–Rodriguez*, 472 F.3d 1087 (9th Cir.2007), the defendant raised this same argument. *See* 472 F.3d at 1092 ("He argues that the district court's finding that he was removed after being convicted of an aggravated felony violates *Apprendi* because it increased his statutory-maximum sentence on the basis of facts not alleged in the indictment, proven to the jury, or admitted by him."). This court distinguished *Covian–Sandoval*, and held that the district court did not erroneously find either the fact of prior removal or its date because the jury necessarily found, beyond a reasonable doubt, that the defendant had previously been removed subsequent to his prior aggravated felony convictions. *Id.* at 1094. Similarly, here, the jury necessarily found, beyond a reasonable doubt, that Flores–Rodriguez had been previously removed from the United States in 2003, subsequent to his 2002 aggravated felony conviction.

The court in *Martinez–Rodriguez* did not address whether the date of the deportation or removal must be alleged in the indictment. Nor need this Court address that issue, because Flores–Rodriguez argued it only in his reply brief and in oral argument. *See Indep. Towers of Wash. v. State of Wash.*, 350 F.3d 925, 929–30 (9th Cir.2003) ("bare assertion of an issue does not preserve a claim").[1] Nonetheless, it will, *see United States v. Berger*, 473 F.3d 1080, 1100 n. 5 (9th Cir.2007), and finds that any *Apprendi* error would not war-

---

1. The Court notes that it also need not address the possible intra-circuit conflict the government noted in its Fed. R.App. 28(j)

letter. *Compare Covian–Sandoval,* 462 F.3d at 1098 (reiterating that "the only exception to *Apprendi's* rule involves the fact of a prior

rant relief on appeal under the plain error or the harmless error standard of review. *See Covian–Sandoval,* 462 F.3d at 1098–99 (finding that, although the enhancement of the defendant's sentence, based on the district court's factual finding of a subsequent removal, constituted plain error, relief was not warranted under the plain error standard); *Zepeda–Martinez,* 470 F.3d at 913 (finding that the *Apprendi* error was harmless because overwhelming and uncontroverted evidence showed that the defendant was removed after his conviction).

▓ Finally, the Court finds that Flores–Rodriguez's due process rights were violated by a defect in his underlying deportation proceeding: the IJ failed to inform Flores–Rodriguez of his eligibility for a § 212(h) waiver and instead erroneously informed him that his mother's legal status would not assist him. To sustain a collateral attack on his underlying deportation, however, Flores–Rodriguez must further show that, as a result of that defect, he suffered prejudice, *i.e.,* that there was a "plausible" ground for relief from deportation. *See, e.g., United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1047–48 (9th Cir. 2004); *United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir.2000). Relying on *United States v. Jimenez–Marmolejo,* 104 F.3d 1083 (9th Cir.1996), and *Drax v. Reno,* 338 F.3d 98 (2d Cir.2003), Flores–Rodriguez contends that he makes this showing.

Whether Flores–Rodriguez had a plausible ground for relief is a question of fact that, based on the record before it, the Court cannot answer. It is unknown whether Flores–Rodriguez's mother could and would have become a naturalized citizen when her son was deported in August, 2003, so that he could have become a "first preference alien" and eligible for adjustment of status. Nor is it clear whether she had filed an I–130 petition on his behalf in 1993. If these questions were resolved in his favor, it is plausible that he would have been able to obtain a visa while his appeal was pending or before the expiration of any continuance the IJ might have granted had he requested it. The speculation entailed in this conclusion does not seem any greater than the speculation in *Jimenez–Marmolejo* that the IJ would have been persuaded to exercise his or her discretion on the alien's behalf.

Therefore, the Court remands to allow the district court to determine the answer to the questions above, and conduct further proceedings consistent with this opinion.

AFFIRMED IN PART AND REMANDED IN PART.

TALLMAN, Circuit Judge, dissenting in part.

Flores–Rodriguez suffered no prejudice from the defects in his underlying deportation proceeding. Even had the immigration judge informed Flores–Rodriguez of his eligibility for a § 212(h) waiver, the outcome of the proceedings would not have changed because Flores–Rodriguez did not have a visa immediately available to him. *See* 8 U.S.C. § 1255(a) (providing three conditions to adjust status, including an immediately available visa at the time the alien files an application for an adjustment of status). Remand is not warranted where, as here, Flores–Rodriguez bases eligibility for an adjustment of status on

conviction"), *with United States v. Lopez,* 469 F.3d 1241, 1248 (9th Cir.2006) (stating that the defendant's argument, "that because 8 U.S.C. § 1326(b)(2) requires an alien's prior removal to have been subsequent to the prior conviction, *Apprendi* requires that the tempo-ral sequence of conviction and removal—as distinct from the fact of conviction itself—be proved to a jury beyond a reasonable doubt, is foreclosed"). Under *Lopez* or under *Covian–Sandoval,* the district court's sentencing is affirmed.

pure speculation—namely, that he may have married a U.S. citizen or his mother might have become a naturalized citizen.

The record contains no evidence that he or his U.S. citizen girlfriend contemplated marriage, or that his mother contemplated naturalization. As the government explained, his mother resided in the United States for more than twenty years without being naturalized. He does not dispute that on the date of the deportation proceeding, Flores–Rodriguez was not married, his mother was not naturalized, and, a visa was not immediately available to him. He is simply not legally entitled to the relief he seeks.

Thus, I would affirm Flores–Rodriguez's conviction and sentence. I respectfully dissent from that portion of the Court's disposition directing a remand to revisit the due process issue.