FILED

JUN 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARTURO SOLIS-PADILLA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 04-72474

Agency No. A095-002-036

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and EZRA, United States
District Judge.[**]

Petitioner Arturo Solis-Padilla ("Solis-Padilla"), a native and citizen of

Mexico, appeals the Board of Immigration Appeals' ("BIA") denial of his motion

to reopen.  Solis-Padilla sought relief based on a claim of ineffective assistance of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

counsel ("IAC"). The BIA concluded that Solis-Padilla was precluded from applying for cancellation of removal and denied his motion to reopen.

We have jurisdiction under 8 U.S.C. § 1252, and we review the BIA's denial of a motion to reopen for abuse of discretion. *Lainez-Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir. 1996). Because we conclude that Solis-Padilla's counsel was ineffective and that Solis-Padilla has made a substantial showing that he could establish plausible grounds for relief, we grant the petition and remand.

When making an IAC claim, an alien must generally comply with the procedural requirements established by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003). Solis-Padilla substantially complied with the *Lozada* factors and, therefore, we consider the merits of his IAC claim.

An alien raising an IAC claim must establish both that (1) due to counsel's ineffective performance "the proceeding [was] so fundamentally unfair that the alien [was] prevented from reasonably presenting [his] case," and that (2) counsel's ineffective performance prejudiced him. *Ituribarria*, 321 F.3d at 899.

1.     At his removal hearing, Solis-Padilla was represented by an attorney from the Law Office of James Valinoti. Solis-Padilla met his attorney for the first time on the day of the hearing. At the hearing, Solis-Padilla's attorney, when asked by

the immigration judge ("IJ") whether Solis-Padilla wished to apply for cancellation of removal, responded "I do not have anything to file."  When the IJ asked if Solis-Padilla wanted voluntary departure, the attorney answered "Yes."[1]   The IJ granted voluntary departure.

Subsequently, Solis-Padilla filed a motion to reopen with the BIA.  The motion raised an IAC claim and included an application for cancellation of removal.  At the heart of Solis-Padilla's IAC claim is his argument that his counsel failed to advise him at the removal hearing that he could have applied for cancellation of removal and that under *INS v. St. Cyr*, 533 U.S. 289, 325–26 (2001), he also could have sought suspension of deportation under former 8 U.S.C. § 1254(a)(2) (1995) (repealed 1996).

To establish eligibility for discretionary relief in the form of cancellation of removal, an alien is statutorily required to meet the five 8 U.S.C. § 1229b(b) requirements.  *See Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 852 (9th Cir. 2006).  Solis-Padilla's alleged conviction for the sale of cocaine would almost certainly constitute illicit trafficking in a controlled substance and would therefore qualify as an "aggravated felony," rendering him statutorily ineligible for

---

[1]  On more than one occasion we have found that the Valinoti firm has provided an alien incompetent representation.  *See Morales Apolinar v. Mukasey*, 514 F.3d 893, 894 n.1 (9th Cir. 2008).

cancellation of removal.[2]  *See* Immigration Act of 1990, Pub. L. No. 101–649, §

501, 104 Stat. 4978, 5084 ("IMMACT"); 8 U.S.C. § 1229b(b)(1)(C).

A reasonable reading of *St. Cyr*, however, suggests that Solis-Padilla was

not limited to seeking relief in the form of cancellation of removal.  Rather, Solis-

Padilla's desire for discretionary relief should have been considered under the pre-

Illegal Immigration Reform and Immigration Responsibility Act of 1996

("IIRIRA") requirements for suspension of deportation.[3]  Counsel's failure to

advance this argument at the time of Solis-Padilla's removal hearing constituted

ineffective assistance of counsel.

At the time of Solis-Padilla's 1986 conviction, cancellation of removal as a

form of relief did not exist.  Instead, an alien subject to removal who sought

discretionary relief could apply for the more lenient suspension of deportation.  *See*

*Lopez-Castellanos*, 437 F.3d at 852.  To be eligible for suspension of deportation

---

[2]  The parties dispute whether Solis-Padilla has a conviction for the sale of cocaine.  While we recognize that the issue is unresolved, because the burden is on Solis-Padilla to establish plausible grounds for relief in a motion to reopen, and he has offered no evidence to rebut the two references to such a conviction in the record, we assume for purposes of this disposition that he has indeed suffered such a conviction.  *See Morales Apolinar v. Mukasey*, 514 F.3d 893, 899 (9th Cir. 2008).

[3]  On April 1, 1997, IIRIRA repealed suspension of deportation and replaced it with cancellation of removal, a form of relief not available to aliens convicted of an aggravated felony.  *See* 8 U.S.C. § 1229b(a)(3).

4

an applicant was required to establish (1) seven years of continuous physical presence within the United States; (2) good moral character during that period; and (3) that deportation would result in extreme hardship to the alien or a qualifying relative. *Id.* (citing 8 U.S.C. § 1254(a)(1) (1995) (repealed 1996)).

At the time of Solis-Padilla's conviction, Solis-Padilla had been in the country for approximately seven years. Furthermore, a plea of guilty to a charge of the sale of cocaine would not have categorically removed Solis-Padilla from eligibility for the former discretionary relief of suspension of deportation. Therefore, at the time of his conviction, Solis-Padilla could have retained the reasonable expectation that an avenue of discretionary relief—suspension of deportation—would remain available to him despite a felony drug related conviction. *See St. Cyr*, 533 U.S. at 326; *see also Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 942 (9th Cir. 2007).[4] Here, to apply the standards of cancellation of removal, 8 U.S.C. § 1229b(b)(1)(C), would have an impermissibly

---

[4] Following his conviction and incarceration, Solis-Padilla would have to meet the suspension of deportation requirements under 8 U.S.C. § 1254(a)(2) (1995) (repealed 1996) and establish ten years of continuous physical presence and good moral character after release from prison. *See Hernandez de Anderson*, 497 F.3d at 936. Neither the ten year requirement nor Solis-Padilla's status as a deportable alien, however, affect his plausible reliance on settled expectations at the time of his conviction. *See Lopez-Castellanos*, 437 F.3d at 854.

5

retroactive effect in violation of *St. Cyr.*  *See Lopez-Castellanos*, 437 F.3d at 852–53.

This claim was fully available to Solis-Padilla at the time of his hearing before the IJ:  Solis-Padilla's hearing was in July 2002 and *St. Cyr* was decided in 2001.  That this is a reasonable application of *St. Cyr* and not a frivolous argument is apparent from this court's cases of *Lopez-Castellanos,* 437 F.3d at 852–53, and *Hernandez de Anderson*, 497 F.3d at 942–44.  Therefore, in light of the Supreme Court's holding in *St. Cyr*, counsel's failure to inform Solis-Padilla that he remained eligible for consideration for the discretionary relief of suspension of deportation prevented Solis-Padilla from reasonably presenting his case and constituted IAC in violation of his Fifth Amendment rights.  *See Iturribarria*, 321 F.3d at 899.

**2.**     We cannot grant Solis-Padilla's petition and order the BIA to grant his motion to reopen, however, unless he can demonstrate that his counsel's deficient representation prejudiced his case.  *Id*.  Prejudice results when "the performance of counsel was so inadequate that it may have affected the outcome of the proceedings."  *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999).  To demonstrate that he was prejudiced by his counsel's alleged ineffectiveness, Solis-Padilla "only

needs to show that he has plausible grounds for relief." *United States v. Jimenez-Marmolejo*, 104 F.3d 1083, 1086 (9th Cir. 1996).

To show prejudice, Solis-Padilla must, therefore, demonstrate that—had he been apprised of the legal argument available to him under *St. Cyr*—he could have met his burden and established plausible grounds that he was eligible for suspension of deportation. *See Morales Apolinar*, 514 F.3d at 899.

Based on our review of the record, Solis-Padilla has made a reasonable showing that in October 2003 when he filed his motion to reopen, he would have been able to meet his burden and show plausible grounds for eligibility for suspension of deportation. 8 U.S.C. § 1254(a)(2) (1995) (repealed 1996). However, because the record in this case is not clear, we remand to the BIA to consider in the first instance whether Solis-Padilla has met his burden of showing plausible grounds that he is eligible for suspension of deportation, and, if warranted, to remand to the IJ for further development of the record.

**GRANTED and REMANDED**.