**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10603 |
| Plaintiff - Appellee, | D.C. No. CR-07-00471-NVW |
| v. | |
| ERNESTO CARDOZA-FUENTES, aka Carlos E. Cardoza-Fuentes, aka Carlos Ernesto Cardoza, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted November 1, 2010
San Francisco, California

Before: ALARCÓN, RYMER, Circuit Judges, and TRAGER, Senior District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable David G. Trager, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

We must decide whether a criminal defendant charged with illegal reentry into the United States can succeed in a collateral attack on a prior deportation order by demonstrating that he had plausible grounds for relief under the now-repealed Section 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(c) (Supp. IV 1992). Although now repealed, Section 212(c) may still provide a defendant facing deportation access to discretionary relief if his ground of deportability has a corresponding ground of exclusion in Section 212(a) of the INA. *INS v. St. Cyr*, 533 U.S. 289, 326 (2001).

## I

On May 2, 1991, Appellant Ernesto Cardoza-Fuentes pled guilty in Los Angeles Superior Court to second-degree robbery, Cal. Penal Code § 211 (1991), with a firearms enhancement for personal use of a firearm, Cal. Penal Code § 12022.5(a) (1991). In February 1998, removal proceedings were instituted based on this conviction. The Immigration Judge concluded that Cardoza-Fuentes was removable on the basis of two grounds of deportation as set out in the INA: (1) committing an aggravated felony amounting to a crime of violence, 8 U.S.C. § 1251(a)(2)(A)(iii) (1991); and (2) carrying a firearm in violation of any law, 8 U.S.C. § 1227(a)(2)(C) (1998). The Immigration Judge did not advise Cardoza-

Fuentes whether discretionary relief might be available pursuant to Section 212(c). Cardoza-Fuentes waived his right to appeal and was deported.

## II

In November 2006, Cardoza-Fuentes was discovered in the United States. He was indicted in April 2007, for illegal reentry after deportation, 8 U.S.C. § 1326(a) & (b)(2). Cardoza-Fuentes filed a motion to dismiss, collaterally attacking his 1998 deportation on the ground that he was prejudiced by the Immigration Judge's failure to advise him of the availability of Section 212(c) relief. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (stating that the showing for a collateral attack requires a defendant to demonstrate, *inter alia*, that (1) his "due process rights were violated by defects in the underlying deportation proceeding," and (2) "he suffered prejudice as a result of the defects"); *see also United States v. Jimenez-Marmolejo*, 104 F.3d 1083, 1086 (9th Cir. 1996) (explaining that, in order to establish the requisite prejudice, an alien must demonstrate that he had "plausible grounds for relief").

Cardoza-Fuentes maintained that he had plausible grounds for Section 212(c) relief because, at the time of his 1991 guilty plea, some immigration judges and the Board of Immigration Appeals ("BIA") were broadly interpreting the comparable grounds test set out in Section 212(c). *But see Abebe v. Gonzales*

*(Abebe I)*, 493 F.3d 1092, 1099 (9th Cir. 2007) ("[T]he BIA and the courts have regularly denied relief where the ground of deportability lacks a corresponding ground of excludability."), *analysis adopted* in *Abebe v. Mukasey (Abebe II)*, 554 F.3d 1203, 1208 n.7 (9th Cir. 2009) (en banc) (per curiam). Relying on this Court's decision in *Abebe I*, the district court denied the motion to dismiss because an aggravated felony crime of violence does not have a comparable ground of exclusion under Section 212(a) and, thus, Cardoza-Fuentes would not have qualified for Section 212(c) relief. Cardoza-Fuentes entered a conditional guilty plea, which allowed him to appeal the district court's denial of his motion to dismiss. He was sentenced to twenty-four months of incarceration for the illegal reentry after deportation charge.

**III**

A district court's denial of a defendant's collateral attack of an underlying deportation order is reviewed by this Court *de novo*. *Ubaldo-Figueroa*, 364 F.3d at 1047. Cardoza-Fuentes did not have plausible grounds to satisfy the prejudice prong of the test for a collateral attack because our decision in *Abebe I*, 493 F.3d at 1104, conclusively establishes that he was statutorily ineligible for Section 212(c) relief because his ground of deportability did not have a corresponding ground of exclusion under Section 212(a). As this Court explained in *Abebe I*, well before

-4-

the time of Cardoza-Fuentes's guilty plea in 1991, "the BIA has resisted further departures from the statutory text and consistently held that relief is available only for aliens facing deportation on a ground with some tight connection to a ground of excludability that could have been waived under § 212(c) . . . ." *Id.* at 1099. The district court's denial of Cardoza-Fuentes's collateral attack of his prior deportation order was consistent with the law of this circuit.

## IV

Cardoza-Fuentes also contends that the denial of his motion to dismiss violated his right to equal protection. This argument was rejected by this Court in *Abebe II*, 554 F.3d at 1207. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1123 (9th Cir. 2002) ("Although a three judge panel normally cannot overrule a decision of a prior panel on a controlling question of law, we may overrule prior circuit authority without taking the case en banc when an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point." (internal quotations and citations omitted)).

We AFFIRM the judgment of conviction because the district court did not err in denying Cardoza-Fuentes's motion to dismiss.