**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

MAY 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAOLO ANTONIO LIMA-FERREIRA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  12-74179 <br><br> Agency No. A079-638-449 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2022[**]
San Francisco, California

Before:  W. FLETCHER and KOH, Circuit Judges, and KANE,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Paolo[1] Antonio Lima-Ferreira, a native and citizen of Brazil, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the immigration judge's ("IJ") denial of his motion to reopen his removal proceedings. We have jurisdiction[2] under 8 U.S.C. § 1252 and review the BIA's denial of a motion to reopen for an abuse of discretion. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016).

The BIA affirmed the IJ's denial of the motion to reopen on two independent grounds. First, the BIA rejected Lima-Ferreira's argument that he suffered prejudice on procedural grounds, finding that Lima-Ferreira had not presented the argument before the IJ. Second, the BIA observed that even if it were to consider the merits of Lima-Ferreira's procedurally defaulted argument, the BIA still would not find prejudice.

The BIA did not abuse its discretion in relying on either of these two grounds for upholding the IJ's denial of the motion to reopen.

1.      The BIA did not err in finding that Lima-Ferreira forfeited his prejudice argument because he raised it for the first time on appeal to the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (holding that the BIA

___

[1] In his briefing for this petition for review, Lima-Ferreira spells his first name as "Paulo."

[2] The Government initially contested jurisdiction based on the jurisdictional bar set forth in 8 U.S.C. § 1252(a)(2)(C). However, the Government later withdrew this argument.

"does not *per se* err when it concludes that arguments raised for the first time on appeal do not have to be entertained").

2. The BIA did not err in rejecting Lima-Ferreira's prejudice argument on the merits because Lima-Ferreira failed to offer any "plausible grounds for relief." *United States v. Jimenez-Marmolejo*, 104 F.3d 1083, 1086 (9th Cir. 1996).

In his appeal to the BIA and the instant petition for review, Lima-Ferreira provided only the bare statement that he was prevented from appealing the denial of his request for voluntary departure and a continuance to file an asylum application. Instead of offering any plausible grounds for voluntary departure or a continuance to file an asylum application, Lima-Ferreira's briefing for his appeal to the BIA and the instant petition for review focused on his argument that he exercised due diligence in pursuing his claims. However, the panel need not and does not address this argument because the BIA assumed Lima-Ferreira was diligent.

The BIA saw no prejudice resulting from Lima-Ferreira's inability to appeal the denial of voluntary departure or a continuance to file an asylum application. Regarding his request for voluntary departure, the BIA observed that Lima-Ferreira "ha[d] not alleged any error in [the IJ's denial]." Moreover, the BIA observed that its "review of the record indicates that in light of [Lima-Ferreira]'s violent criminal

3

behavior, he would not warrant a favorable exercise of discretion."[3] With respect to the request for a continuance to file an asylum application, the BIA observed that any such application would have been untimely, and that Lima-Ferreira "ha[d] set forth no basis" for waiver of the 1-year filing deadline (which Lima-Ferreira missed by over a decade) and had not "articulated any basis" for asylum or withholding of removal.

Thus, the BIA did not abuse its discretion in finding that Lima-Ferreira had not demonstrated prejudice. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 827–28 (9th Cir. 2003) (finding it was not plausible that the BIA would have reversed the IJ and granted voluntary departure because the petitioner offered no evidence to the IJ, BIA, or Ninth Circuit to establish eligibility for voluntary departure).

**PETITION DENIED.**

---

[3] Besides his conviction for assault with a deadly weapon under California Penal Code § 245(a)(1), Lima-Ferreira also admitted to having a domestic violence conviction for willful infliction of corporal injury on a spouse or cohabitant under California Penal Code § 273.5(a).