**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA DEL CARMEN RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   20-72718<br><br>Agency No. A205-699-999<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2022
Submission Deferred October 11, 2022
Submitted February 10, 2023
Seattle, Washington

Before:  MURGUIA, Chief Judge, and W. FLETCHER and BENNETT, Circuit
Judges.

Maria del Carmen Rodriguez, a citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") decision to deny her motion to reopen

based on ineffective assistance of counsel.  We have jurisdiction under 8 U.S.C.

§ 1252.

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). While we review de novo claims of ineffective assistance of counsel, we review the BIA's "findings of fact regarding counsel's performance for substantial evidence." *Id.* at 1023-24.

To prevail on an ineffective assistance of counsel claim, the petitioner must make two showings. First, the petitioner must demonstrate that counsel failed to perform with sufficient competence. *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). Second, the petitioner must show prejudice by her counsel's performance. *Id.* A noncitizen has the burden of demonstrating that "his lawyer's errors 'may have affected the outcome of the proceedings.'" *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 921 (9th Cir. 2015) (quoting *Mohammed*, 400 F.3d at 794 & n.11). To demonstrate prejudice by counsel's alleged ineffective assistance, petitioner "only needs to show that he has plausible grounds for relief." *United States v. Jimenez-Marmolejo*, 104 F.3d 1083, 1086 (9th Cir. 1996). The court will consider the "underlying merits of the case to come to a tentative conclusion as to whether [petitioner's] claim, if properly presented, would be viable." *Lin*, 377 F.3d at 1027.

Rodriguez argues the BIA abused its discretion by applying a heightened standard of review. Rodriguez contends that the BIA required her to establish not simply "that the ineffective assistance *may* have led to a different result, but that it

2

would have *necessarily* changed the outcome." Rodriguez argues she was prejudiced by her previous attorney's failure to present medical records the attorney had on hand of Rodriguez's two oldest qualifying children at Rodriguez's cancellation of removal hearing before the Immigration Judge ("IJ"). Rodriguez contends that, under the appropriate "may have affected the outcome" standard, those medical records would have impacted the outcome of her cancellation of removal claim before the IJ.

We disagree. The BIA required Rodriguez to show "that the outcome of her removal proceedings may have been different." This is the correct standard. *See Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) ("Substantial prejudice is established when the outcome of the proceeding may have been affected by the alleged violation." (internal quotation marks and citation omitted)).

Rodriguez also fails to show that she was prejudiced by her previous attorney's failure to present her two children's medical records. During the cancellation of removal hearing, the IJ heard hardship testimony about or from all of Rodriguez's U.S. citizen children. After listening to testimony from Rodriguez's two children whose medical records are at issue, the IJ determined they were credible but did not find the medical concerns they testified about constituted exceptional and extremely unusual hardship. It is therefore unclear how the medical records, which document the same hardship the two children

3

testified about, would compel the IJ to reach a different conclusion. The BIA therefore properly determined that Rodriguez's previous counsel did not prejudice her and therefore the BIA did not abuse its discretion in declining to reopen Rodriguez's case based on ineffective assistance of counsel.

**PETITION DENIED**.