**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Grigor Grigoryan and Liana Uzunyan, | No. 21-438 |
| Petitioners, | Agency Nos.  A097-871-710 |
| | A077-997-564 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023**
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.

Petitioners Grigor Grigoryan and Liana Uzunyan seek review of a Board of Immigration Appeals (BIA) decision denying their motion to reopen based upon ineffective assistance of prior counsel. We review claims of ineffective assistance of counsel de novo, *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1044–45 (9th Cir. 2000); factual findings, including credibility

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

determinations, for substantial evidence, *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022); and denial of a motion to reopen for abuse of discretion, *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny in part and dismiss in part.

Petitioners' case was last before us in 2018. *See Grigoryan v. Sessions*, 719 F. App'x 647 (9th Cir. 2018). We dismissed Petitioners' challenge as to the BIA's 2010 order of removal, which denied their claims on the merits, because their petition for review was not timely. *Id.* at 647. Several months after our decision issued, Petitioners moved, with present counsel, to reopen their proceedings with the BIA based on ineffective assistance of prior counsel. The motion alleged that now-disbarred prior counsel, Garbis Etmekjian, failed to timely file a petition for review of the Board's 2010 decision with this court. The government concedes that this misconduct was "actual" and "brazen." Petitioners asked the BIA to equitably toll the 90-day deadline for filing a motion to reopen, to reopen proceedings before the BIA, and to reissue the 2010 order to allow them to file a petition for review in this Court, or, in the alternative, to *sua sponte* reopen proceedings. The BIA denied the motion to reopen as untimely, concluding that although Petitioners complied with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988), they did not plausibly allege that any prejudice resulted from their former counsel's ineffective representation. As such, they did not demonstrate any ineffective assistance of counsel warranting equitable tolling of the 90-day

deadline to file a motion to reopen. This petition for review followed.

Petitioners argue that the BIA improperly denied their motion to reopen on timeliness grounds because it failed to apply a presumption of prejudice pursuant to our decision in *Dearinger*. In *Dearinger*, we held that "prejudice should be presumed" when a petitioner was "prevented from filing an appeal in an immigration proceeding due to counsel's error," but noted that the petitioner is denied due process under those circumstances only if he can demonstrate "'plausible grounds for relief.'" 232 F.3d at 1045–46 (quoting *United States v. Jimenez–Marmolejo*, 104 F.3d 1083, 1086 (9th Cir. 1996)); *accord Ray v. Gonzalez*, 439 F.3d 582, 587 (9th Cir. 2006). We have since held more generally that "'[t]o establish a showing of prejudice in the context of a motion to reopen' . . . the petitioner need only demonstrate that counsel's deficient performance 'may have affected the outcome of the proceedings' by showing 'plausible' grounds for relief." *Flores v. Barr*, 930 F.3d 1082, 1087 (9th Cir. 2019) (per curiam) (quoting *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam)).

In its decision, the BIA observed that Petitioners provided no explanation for how Etmekjian's misconduct affected "the underlying bases for their denial of relief," and specifically noted that they did not address the IJ's "thorough adverse credibility finding that led to the denial of relief" or indicate that Etmekjian "misrepresented them during their presentation of evidence and testimony in support of their" applications for relief. All Etmekjian's alleged

misconduct post-dated both the 2009 decision in which the IJ made the adverse credibility findings and the 2010 BIA decision affirming that decision, which Petitioners now seek to reopen. Petitioners' arguments leave the merits untouched. Because Petitioners did not argue before the BIA—and do not argue before us—that Etmekjian's conduct provides any basis for them to challenge the IJ's adverse findings and the BIA's adverse conclusions, they have not shown "plausible grounds for relief." *See Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003). Accordingly, we conclude that the BIA did not abuse its discretion when it concluded that equitable tolling was not warranted and denied the Petitioners' motion as untimely.

Petitioners also challenge the BIA's refusal to reopen proceedings *sua sponte*. We have jurisdiction over this challenge only insofar as the "BIA's decision 'was based on a legally erroneous premise.'" *Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022) (quoting *Bonilla v. Lynch*, 840 F.3d 575, 579 (9th Cir. 2016)). Here, the BIA declined to reopen proceedings *sua sponte* because Petitioners had not presented the kind of "exceptional situation" that would warrant such an exercise of discretion. *Matter of J-J-*, 21 I. & N. Dec. 976, 984–85 (B.I.A. 1997). We lack jurisdiction to consider Petitioners' challenge to the BIA's discretionary decision to deny *sua sponte* reopening.

**PETITION DENIED IN PART AND DISMISSED IN PART.**